KING HOLSTEIN v. GARDNER, GREEN & Co.

Pleas should be disposed of in due order of pleading, and this would require issues on pleas in abatement to be tried before issue on the merits. But were they all submitted together, and the findings upon them not contradictory or repugnant, there would be no such error, *per se*, as to require a reversal of the judgment. In this case the pleas were disposed of separately: but see circumstances.

Where the defendant pleaded in abatement, under oath, that he had not been served with copies of the petition and citation, and to the merits, a general demurrer and general denial, in a suit on a promissory note; and the Court ordered the whole cause to the jury, whereupon the plaintiff read the note in evidence, and the defendant read the copies of the petition and citation, and thereupon the cause was ordered to be suspended until correct copies could be made out and served upon the defendant, or his attorney; and four days afterwards correct copies of the petition and citation were ordered to be delivered to the attorney of defendant, which was done, and the cause ordered for trial, to which the defendant excepted on the ground that there had been no legal service of copy of petition and citation five days before the commencement of the Term; this Court said, the plea imported that there had been no service, whereas the real point of objection was a variance in the copies of the petition and citation served; that the plea was, therefore, merely equivalent to a motion to quash for defective service; that the action of the Court was equivalent to an amendment, which would have been proper;

that the plea did not specify the variances, and that they had not been shown by the counsel for appellant; and that, although there appeared to be some irregularity in the proceedings, it was not in any degree sufficient for the reversal of the judgment, there being a good cause of action, and no defence to the merits.

Appeal from Brazoria. The plea in abatement alleged that the defendant had "not been served with copies of the petition "and citation," and further, "that he has not been served with "certified copy of petition and citation as the law directs."— The *jurat* read, "that he has not been served with copies of the petition and citation." The bill of exceptions contained the copies served on the defendant, and the officer who served them, proved their identity. The ground of exception, stated below, was that there had been no legal service of copy of petition and citation five days before the commencement of the Term. All the other facts are stated in the Opinion.

*P. Mac Greal*, for appellant.

*Wharton & Terry*, for appellees.

HEMPHILL, CH. J. This suit is on a promissory note. The defendant pleaded in abatement, that he had not been served with a certified copy of petition and citation; and to the merits, he filed a general demurrer, with a general denial.— The cause being called for trial, as appears by the bill of exceptions, on the 8th December, 1855, the parties announced themselves ready, the defendant urging his plea in abatement for want of service of copy of petition and citation; whereupon the Court ordered the whole cause to the jury. The plaintiff read the petition and note; and the defendant the copies of the petition and citation, which had been served upon him; whereupon the cause was ordered to be suspended until correct copies of petition and citation could be made out

and served upon the defendant, or his attorney, to which ruling the plaintiffs excepted; and on the succeeding 12th day of December, the Court ordered correct copies of petition and citation to be delivered to the attorney of defendant, which was done and the cause ordered for trial; to which the defendant excepted, on the ground that there had been no legal service of copy of petition and citation.

There was judgment for the plaintiffs, and the defendant has assigned several errors, complaining, in substance, of the action of the Court, upon what is denominated the plea in abatement.

In his brief, he objects to the submission of the whole of the pleas, at the same time to the jury, and that the plea of abatement should have been first tried.

Pleas should be disposed of in the due order of pleading, (Hart. Dig. Art. 691,) and this would require issues on pleas in abatement to be tried before issue on the merits. But were they all submitted together, and the findings upon them not contradictory or repugnant, there would be no such error, *per se*, as to require a reversal of the judgment. From the proceedings in this cause, it is obvious that the Court at first regarded the plea as frivolous, not requiring a separate or special consideration. The plea did not aver any variance between the originals and copies of the citation and petition. In its terms, it imported that there had been no service upon the defendant, which was in direct contravention of the return by the Sheriff; and the Court was perhaps not apprised that the real point of objection was a variance, until it was attempted to be shown by the defendant, on the trial. The meaning of the plea having been thus revealed, the Court took immediate action to remedy the defects, real or supposed, in the copies. This it might have done by amendment, but its action was equivalent, viz: the service of new copies. It was not important that these should have been served on the party, being but amendments of the original copies, of which the attorney had full notice.

There appears to be some irregularity in the proceedings, as detailed in the bill of exceptions, but not in any degree sufficient for the reversal of the judgment, there being a good cause of action, and no defence to the merits.

The plea in abatement, as it was called, was equivalent to a motion to quash a defective service, and the defects were cured by amendment or its equivalent.

The defendant's complaint, that all the pleas were submitted together, has but little substance, as they were disposed of separately ; the matter in abatement being determined four days before trial of the issue upon the merits.

The plea does not specify the variances, nor have any been shown by counsel for the appellant. They are believed to have been quite unimportant, and their amendment could operate no surprise.

Judgment affirmed.