## Joseph C. Miszner v. Siter, Price & Co.

A variance as to the names of the plaintiffs, in the copy of the petition and citation, from the original petition and citation, is a matter of substance, of which, if not corrected, a defendant may avail himself, by plea in abatement.

The defect, however, it seems, may be supplied or corrected, upon such terms as, under the circumstances of the case, seem proper to the court.

Appeal from Rusk. Tried below before the Hon. Charles A. Frazer.

This was a suit by John Siter, Richard Price, and Joseph Price, by the firm name of Siter, Price & Co., against the appellant.

In the copy of the petition served on the defendant, the plaintiffs were said to be John Siter, Richard *Gross*, and Joseph Price, partners under the firm name of Siter, Price & Co., and in the copy of the citation, they were described as John Siter, Richard Price, and *Joseph*. The other facts are stated in the opinion.

*Martin Casey*, for the appellant.

*M. D. Graham*, for the appellee, cited Dikes v. Monroe & Bro., 15 Texas Rep. 236; and Cummings v. Rice & Nichols, 9 Id. 527.

Roberts, J.—There was a mis-statement of the names of the plaintiffs in the copy of the petition and citation served on the defendant. This was set up in a plea in abatement, properly sworn to, (which was styled a motion to quash the service,) and was fully shown by proof, as it appears by a bill of exceptions, filed in the record. There was no effort to supply this defect, by furnishing a correct copy *instanter*, or by motion to amend, or otherwise, but plaintiffs relied on the immateriality of the variance.

The variance was one of substance. If the same defect had appeared upon the writ and petition, it would have been available to defendant, as a ground of abating the service. In such case, it is true, that plaintiffs might have amended, upon such terms as the court might choose to impose. (Cartwright v. Chabert, 3 Texas Rep. 261.) And upon the same principle, it would seem, that the court might have permitted the defect complained of to have been supplied; and by that means put the defendant upon showing that he was taken by surprise. And if it appeared that the defect was such as that the defendant could not be reasonably expected to be prepared to meet the case, as then presented against him, the court might grant a continuance; or in any event impose such terms, for curing the defect, as might seem proper.

In this case, it is possible the defendant was not misled, as to the real cause of action, upon which he was sued, and as to the parties who brought the suit; still, he could not have ascertained, with certainty, from the papers served on him, who were the plaintiffs in the action. This information is supposed, as indicated by the statute, to be important to the defendant, in all cases, as it is required to be stated in the writ and petition, (Hart. Dig., Art. 671, 675,) and a copy of each, served on the defendant. (Id. 674.) If the defendant then did, in fact, know who the plaintiffs were, it was by means of information not prescribed by the statute, and of the sufficiency of which the court had no right to conjecture. The question is, was the defect one of substance, had it appeared in the originals, as well as the copies; and was there anything in the copies furnishing a certain correction to the mistake? The magnitude of the mistake, if it be one of substance, and stand clearly uncorrected, is immaterial; for the court can no more presume, that the defendant has obtained the requisite information by means not prescribed by law, when the substantial mistake is small, than when it is great. He is entitled to this information through the prescribed channel. He has no other means of asserting this right, than by pleading in abatement; and the courts have no

other means of enforcing the right, thus expressly given by statute, than by sustaining the plea. Judgment is reversed and cause remanded.

Reversed and remanded.