JOHN T. SMITH v. JAMES E. DOWNES.

A claim against an estate, approved by the administrator and allowed by probate court, cannot be disallowed in a collateral proceeding in the District Court. Such a claim could only be set aside or annulled in the District Court by a direct proceeding instituted for that purpose.

APPEAL from Houston. Tried below before the Hon. Leroy W. Cooper.

*W. A. Stuart*, for appellant.—It is most respectfully submitted, that it was not competent for B. G. Hartgraves, by a note signed by himself as guardian, etc., to bind the estate of Asa J. Hartgraves, deceased.

The note, it is contended, constituted an individual liability against said B. G. Hartgraves. (See Gibson v. Irby, 17 Texas, 174; Parsons on Contracts, Vol. 1, p. 136; Thacher v. Deasmore, 5 Mass., 300; Foster v. Fuller, 6 Mass., 58.)

There are no sufficient allegations that the note was given for necessaries suitable to the condition and circumstances of the minor, Asa J. No bill of particulars nor statement was appended showing for what the note was given; and it is contended that the bare statement that the note was for necessaries, and evidence that the payee of the note was a merchant, and that the same was for necessaries, was not sufficient. The evidence was but the opinion of the witness. (See Hastings v. Bachelor, 27 Texas, 259.)

The office of guardian is one of trust created by statute, and the duties, powers and obligations of the guardian are created by law. The acts of the guardian are closely scrutinized, and he will not be allowed to encumber his ward's estate except for the benefit of the estate or for necessaries furnished the ward (Pas. Dig., Arts. 3903, 3904); and it devolves on the party seeking to subject the

minor's property to the payment of the debt to show that the claim was for necessaries or for the benefit of the ward's separate property. No presumptions will be indulged as against the interests of the minor. Any other rule would open a door to the grossest fraud and imposition.

*N. G. Shelley*, for appellee.

DEVINE, ASSOCIATE JUSTICE.—The appellee, Downes, filed a motion in the District Court of Houston county on the eighth of April, 1872, against the appellant, Smith, as administrator *de bonis non* of the estate of Asa J. Hartgraves, alleging that he is the holder of a claim against said estate for $135.36, bearing ten per cent. interest from the first day of January, 1861; that the claim has been duly allowed and approved; that said estate has been in course of administration for a number of years; that the administrator, John T. Smith, has disposed of property belonging to said estate, and has now funds on hand; that there are no claims acknowledged against said estate save petitioner's claim and another debt of four dollars. He prayed that the administrator, Smith, be cited to answer, and that he have a judgment commanding the administrator to pay his debt, interest and costs.

The administrator excepted to the motion, and asserted that the claim was not a debt due by his intestate; that the former administrator had allowed the claim through mistake; that the claim or note was given in the name of B. G. Hartgraves, guardian of his intestate, Asa J. Hartgraves, while the latter was a minor; that the claim was not for necessaries furnished his intestate, when a minor; that he, John T. Smith, administrator, had paid out a larger sum than the amount received by him, and that he had no funds on hand as administrator.

The court below sustained some of the exceptions and overruled others, and after various amendments by plain- tiff and defendant, the court, on the pleadings, exhibits and proof, gave judgment on the nineteenth of April, 1872, against the administrator, Smith, and ordered that he pay over the amount forthwith.

From the judgment ordering payment the administra- tor has appealed to this court.

The exhibits and statement of facts show that the peti- tioner, Downes, for necessaries furnished the intestate, Asa J. Hartgraves, when a minor, received a note for the amount of $135.36, bearing date January 1, 1861, and signed "B. G. Hartgraves, guardian of Asa J. Hart- graves;" that on the twenty-seventh day of September, 1866, Downes made the affidavit required by law, at- tached the note to it, and presented it to the then admin- istrator of Asa J. Hartgraves, J. N. Garner, who, on the first of October, 1866, admitted the claim to be correct, and, as administrator, agreed to pay the same in due course of administration. The claim was, on the same day, "examined and allowed" by the then probate judge of Houston county. The claim was filed in court on the ninth day of January, 1871, and under the law requiring "a claim docket" and the filing of claims, it was entered on the same.

The exhibit of the administrator, Smith, shows the re- ceipt from the sale of property of his intestate's estate of $390 cash, and a draft on Galveston for $490, which he admits he will receive as soon as it can be sent to Galves- ton, making in all the sum of $880 cash, or its equivalent, in his hands, but claims that he has paid out $462.86 as administrator. Of the amount claimed as paid by him, not one item in his exhibit is supported by a voucher; there is not one dollar of the amount alleged to have been paid by order of court, and with the exception of one item of $18.90, costs of court, there is nothing in his ex-

hibit or the entire record to show any authority to pay out the sums referred to in his exhibit. The judge properly decreed his liability, and directed his payment, without delay, of plaintiff's claim, costs, etc. In connection with this branch of the case, we are unable to see where the presiding judge found any authority to go into a hearing of evidence on the merits of the case, as might have been done on a note or account, or other claim not allowed or approved by administrator and judge. The obligation to pay, or liability of the minor's estate for the payment of a note signed by his guardian, had been decided by this court twenty-eight years ago, and is adhered to (Gibson v. Irby, 17 Texas, 173); and the principle has been repeatedly enunciated, from 3 Texas Reports down to a recent date, that a claim admitted by the executor or administrator to be a just claim or debt against the estate, and allowed or approved by the probate judge, is a *quasi* judgment which cannot be reviewed in the District Court in an incidental or collateral proceeding, and can only be inquired into or set aside and annlled by a direct proceeding or suit instituted for that purpose. (Moore v. Hillebrant, 14 Texas, 314, and cases there cited; Eccles v. Daniels, 16 Texas, 136; Heffner v. Brander, 23 Texas, 622.) There being no error in the judgment of the District Court, it is affirmed.

AFFIRMED.

Justice Moore, having been of counsel, did not sit in this case.