LAVINIA SWAN, ADM'X, v. T. W. HOUSE.

1. CLAIMS AGAINST AN ESTATE.—Under the probate act of 1848, the allowance and approval of a claim against an estate had the effect of a judgment, and could only be set aside or corrected by a direct proceeding for that purpose in the District Court.

2. SAME—EFFECT OF JUDGMENT ON REVIEW.—The judgment in the District Court, in a proceeding to correct the improper approval of a claim against an estate under the probate act of 1848, was conclusive, as between the holder of said claim and the estate.

3. WRIT OF ERROR IN PROBATE MATTERS.—Under the probate law of 1870, a writ of error could not be taken to revise the action of the District Court in probate matters.

APPEAL from Houston. Tried below before the Hon. L. W. Cooper.

August 3, 1867, a claim allowed by the administratrix was approved by the chief justice. July 30, 1868, the holder of the approved claim filed in the Probate Court a petition, ask-

ing that she be required to make an exhibit, &c., in the estate. The exhibit was returned to the Probate Court, accompanied by a statement that since the approval of the claim she had discovered a receipt given by the holder of the claim to the intestate for $400, which had not been allowed as a credit. Exceptions to this were sustained in the Probate Court, and the administratrix appealed to the District Court. She also instituted in the District Court a proceeding against the holder of the claim to annul the approval and correct the mistake. This was prosecuted to success and the credit allowed, but instead of a credit of $80 indorsed on the note; representing, as was shown, the credit of $400 which had been paid in Confederate bills. The appeal case in the District Court came on to be heard, and resulted in a judgment ordering the administratrix to pay the holder of the claim the sum adjudged to him in the suit to correct the mistake. The allowed credit of $80 was also insisted on. This appeal to the Supreme Court sought to correct the action of the District Court disallowing the credit of $80, which was recognized by the holder of the claim when probated.

*W. A. Stewart* and *Earl Adams*, for appellant.

*S. A. Miller*, for appellee, cited Paschal's Dig., arts. 1343, 1347, 1387, 1516; Cook *v.* Bybee, 24 Tex., 278; Bowers *v.* Chaney, 21 Tex., 367; Fishback *v.* Young, 19 Tex., 515; Leach *v.* Millard, 9 Tex., 551.

Moore, Chief Justice.—On the 30th of July, 1868, T. W. House, the defendant in error, filed in the County Court pertaining to estates of deceased persons a petition against plaintiff in error, Lavinia Henderson, then Lavinia Swan, administratrix of the estate of B. F. Swan, deceased, alleging that he is the holder and owner of a claim against said estate for $439.76, less a credit of $80 indorsed on the back of said claim February 23, 1863, which, after being regularly probated, had been allowed by said administratrix and ap-

proved by the judge of the County Court on August 3, 1867, and asking that said administratrix be required to make an exhibit showing the condition of said estate and her action as administratrix, &c.

In response, plaintiff in error made an exhibit as prayed, and further answered that subsequent to the allowance and approval of said House's claim she had found a receipt given by House to her intestate for the sum of $400 paid upon said claim, for which no credit had been given, and of which she was uninformed until the discovery of said receipt. She therefore asks that the allowance and approval of said claim be corrected by said receipt, and a credit for the amount therein acknowledged to have been paid be allowed.

To so much of the answer of the administratrix as asks for an order of the court crediting—or, as plaintiff terms it, correcting — his claim by said receipt, House excepted, on the ground that the court had no jurisdiction to hear and determine the matters and things alleged by the said administratrix, and upon which the validity and justness of his said claim depends. On the hearing, the court sustained the exception, restated the administratrix's account, and ordered that she pay the amount of money on hand as directed in the order of the court. From this judgment, the administratrix appealed to the District Court.

While her appeal was pending in said court, she filed an original suit in the District Court against the defendant House, to cancel or annul the allowance and approval of his claim against said estate. On the trial of this case, it being made to appear that the intestate had in fact paid upon said claim the sum of $400 in Confederate money, a credit for which as $80 in money had been placed upon the note by House, the court adjudged that the approval of his claim should be set aside and annulled, and instead thereof gave him judgment against plaintiff, as administratrix, for the amount due upon his debt, after allowing credit for $400 of the date shown in said receipt.

Subsequently this case came on for trial, and the court ordered the administratrix to pay defendant in error, out of the moneys found to be in her hands, "$154.85, being the balance on his claim, with interest to date,"—that being the amount, as it appears, for which his claim had been established by the decree of the court, in the suit brought by the plaintiff in error to correct said claim.

From this judgment the administratrix prosecutes her writ of error; and, although other errors are alleged in the assignment, her only real ground of objection to the judgment, as appears by the agreement of counsel in the record, is the refusal of the court to allow the amount, $80, indorsed as a credit on the note by defendant in error as a credit on the amount adjudged him by the court in the suit to which we have just referred. Slight consideration, however, will show that this demand is altogether untenable. The County Court, in which the case originated, had no power or authority to revoke or set aside the allowance of the claim by the administratrix, and its approval by the judge of the County Court. Where a claim against an estate is thus approved, it becomes a *quasi*-judgment; and though its allowance and approval may be the result of accident, mistake, or fraud, still it is conclusive until annulled or set aside by decree of a court having jurisdiction to make such order. This could only be done, as has been repeatedly held by this court, by a suit for this purpose in the District Court; but not even in that court in a case taken there by appeal from the County Court. (14 Tex., 314; 16 Tex., 136; 23 Tex., 631; 40 Tex., 57.) If plaintiff in error was in fact entitled to the additional credit which she now claims, she should have asked for it in the suit which she brought to correct defendant's claim. The judgment in that case is conclusive upon the question. To admit that the court, on the hearing of this case, could have gone into the question of the amount or validity of defendant's claim after these questions had been considered and adjudged by the District Court in a suit instituted by the

---
Note.
---

administratrix for this very purpose, would be, to hold the allowance of a claim by an administrator, and its approval by the County Court, to. be entitled to more consideration than the judgment of the District Court; for, as has been said, if the allowance of the claim had not been set aside by the District Court in the suit brought for this purpose, it would have been conclusive evidence in this proceeding of the amount due and owing to defendant by the estate of plaintiff's intestate.

There is no error in the judgment of which appellee complains, and it is therefore affirmed.

AFFIRMED.

NOTE.—We have disposed of the case on the supposition that the writ of error has been prosecuted from a judgment of the District Court, in the exercise of its general jurisdiction, on a case brought to that court on an appeal from a judgment of the County Court in matters pertaining to the estates of deceased persons, which, we think, is to be inferred from the statement of facts as shown by the record. It may be possible, however, that the case, when decided in the District Court, had been transferred to the probate docket of the District Court, as it was not decided until the year 1873. If, in fact, it is an effort to review a decision of the District Court in the exercise of its probate jurisdiction under the Constitution and laws then in force, the judgment should not be affirmed, but the writ of error dismissed, because, as has been heretofore decided, ( Smith v. Robb, 42 Tex., 260,) such judgments cannot be reviewed by this court on writ of error. (Paschal's Dig., arts. 5783, 5792.)