J. S. WILLIAMS ET ALS. v. W. ROBINSON, ADM'R.

(Case No. 5214.)

1. ADMINISTRATION — APPROVAL OF ACCOUNTS — JUDGMENT.— In a suit by an administrator to recover the value of property alleged to have been wrongfully appropriated, the defendant relied on the action of the administrator in approving, and the county court in allowing, an account presented by him against the estate, in which the estate was credited with the value of the property. The action of the county court was after the institution of the suit in the district court. Held:

(1) The action of the county court approving the claim had the effect of a final judgment.

(2) The same effect followed with reference to the credits on the account allowed.

(3) The judgment of the county court determined the state of the account, which could not be reopened in a collateral proceeding.

(4) The conclusiveness of the judgment of the county court on the account, both as to debits and credits, was not affected by the fact that the approval of the account by that court was subsequent to the institution of a suit by the administrator in the district court, which involved the correctness of the items of the account allowed.

2. MISJOINDER OF PARTIES.— Whenever the right to recover against one defendant, under allegations of the petition, would preclude the right to recover against another joined as defendant, there is a misjoinder of parties defendant. (Clegg v. Varnell, 18 Tex., 300, and Frost v. Frost, 45 Tex., 340, followed.)

APPEAL from Robertson. Tried below before the Hon. W. E. Collard.

Suit in the district court of Robertson county by W. B. Robinson, as administrator *de bonis non* of the estate of Thomas L. Kerwin, deceased, against E. J. Houston, J. S. Williams, H. Schmidt, Mrs. E. L. Drennan, Mrs. Mary J. Parks and her husband, J. F. Parks, two minors, Bettie K. and John T. Adkisson, Jr., and the firm of J. S. Williams & Co., composed of said J. S. Williams, E. J. Houston and John T. Adkisson, Sr.

In the original petition, Mrs. Parks was made a party (joining her husband, J. F. Parks) as the surviving wife of John T. Adkisson, Sr., deceased, and the two minors as his heirs.

By a supplemental petition the minors were dismissed and Mrs. Parks and her husband, J. F. Parks, made parties as the administrators of the estate of John T. Adkisson, deceased.

During the pendency of the suit and before the trial, E. J. Houston died, and his surviving wife, Mrs. Emma H. Houston, having qualified as survivor of the community under the statute, was made a party defendant. The petition, as drawn, presents two grounds or causes of action.:

1st. It was a suit upon the bond of John T. Adkisson, as administrator of the estate of Thomas L. Kerwin, deceased, for the recovery of certain property, or its value, alleged to belong to said estate and to have come into possession of said Adkisson as administrator of said estate, and to have been appropriated and converted by him to his own use, and not accounted for.

2d. It is against the firm of J. S. Williams & Co. for the recovery of the same property, or its value, alleged to belong to said Kerwin's estate and to have been wrongfully taken and appropriated by said firm.

On the first ground or cause of action plaintiff alleged in his petition that Thomas L. Kerwin died in Robertson county, Texas, on the 12th day of November, 1880, leaving a large estate situated in said county; that in January, 1881, John T. Adkisson was appointed administrator of said Kerwin's estate by the probate court of Robertson county, and qualified as such administrator on the 26th day of February, 1881, by filing bond, as required by the court, in the sum of $32,000, with E. J. Houston, J. S. Williams, Mrs. E. L. Drennan, H. Schmidt and J. S. Williams & Co. as sureties, said J. S. Williams & Co. being a firm or partnership composed of said John T. Adkisson, E. J. Houston and J. S. Williams; that certain property belonging to the estate of Thomas L. Kerwin, deceased, came into the hands of said Adkisson, as administrator of said estate, to wit: Fifty-one bales of cotton of the value of $50

per bale and of the aggregate value of $2,550, raised on the Kerwin farm in 1880, and received by him about December, 1880, and January and February, 1881; and also certain notes, claims due the said estate, aggregating in amount to $1,500, which he collected as said administrator of said estate; that Adkisson appropriated and converted to his own use the said cotton and the money collected on said notes, and that neither he nor any one for him has accounted to the probate court, or "any other person entitled to the same," for said property or any part of it; that said John T. Adkisson died on the 10th day of June, 1881, leaving the said estate of Thomas L. Kerwin, deceased, unsettled; that in September, 1881, W. B. Robinson, plaintiff, was appointed by the probate court of Robertson county administrator of the estate not administered of Thomas L. Kerwin, deceased, and qualified, gave bond and filed inventory in accordance with law and the judgment of the court on the —— day of October, 1881; that the said Kerwin's estate is largely indebted as follows: third class, John H. Drennan, $3,300; third class, W. B. Robinson, $5,500; fourth class, W. E. Bonner, $325, and other claims which have been allowed and approved, and that there is not sufficient property in the hands of the administrator to pay said indebtedness, and prays for judgment, etc.

The petition proceeded: If the court should hold that the said property, or any part of it, was not taken and appropriated by said Adkisson, as administrator of said Thomas L. Kerwin's estate, then plaintiff alleges that the said J. S. Williams & Co., a firm composed of John T. Adkisson, E. J. Houston and J. S. Williams, took possession of the said property in their own wrong and without authority of law, and appropriated the same to their own use and benefit, to wit: On November 29, 1880, eight bales of cotton, valued at $50 per bale; on November 30, 1880, nine bales of cotton, valued at $50 per bale; on January 29, 1881, sixteen bales of cotton, valued at $50 per bale; and on February 1, 1881, eighteen bales of cotton, valued at $50 per bale, and all of the aggregate value of $2,550; and that they also collected and appropriated the money due on the notes mentioned, amounting to $1,500, whereby the estate was damaged $4,500, for which amount he prays judgment against J. S. Williams & Co., and for general relief, etc.

On the 17th day of January, 1883, all the defendants answered by general and special exceptions and general denial.

The character of the account presented by J. S. Williams & Co. to W. B. Robinson, as administrator, and approved, is manifest from the opinion.

The conclusiveness of the judgment of the county court was pleaded.

*Field & Campbell*, for appellants, on misjoinder of parties, cited: R. S., arts. 1824, 1889; Clegg v. Varnell, 18 Tex., 501; Frost v. Frost, 45 Tex., 340, 341; Love v. Keowne, 58 Tex., 191.

On the conclusiveness of the county court judgment, they cited: R. S., arts. 1789, 2015, 2018, 2021–2025, 2028; Garrett v. Gaines, 6 Tex., 435–441.

*F. H. Prendergast*, for appellee, on the question of proper parties, cited: Love v. Keowne, 58 Tex., 191; Clegg v. Varnell, 18 Tex., 301.

That the approval of the account was after this suit was filed, and the county court's approval was not conclusive, citing: Burdett v. State, 9 Tex., 43; Burrill's Law Dictionary, word "*Jurisdiction*."

That the approval of the account by the county court was void, he cited: Burdett v. State, 9 Tex., 43.

WALKER, P. J. COM. APP.— Under the third ground assigned as error the appellants make several distinct specifications, some of which we will notice. It is urged under it that the court erred in finding and rendering judgment against the appellants on the facts:

1st. Because the evidence does not show that the cotton sued for, and for the value of which judgment was rendered, was the property of the estate of Thomas L. Kerwin, deceased. The admission contained in the answer of the defendants which was adduced in evidence by the plaintiff, taken in connection with the items of credit embraced in the account of J. S. Williams & Co. allowed and approved against said estate, which showed the appropriation by said firm of divers lots of cotton, was certainly evidence tending very cogently to establish, *prima facie*, the fact that the cotton referred to was property which belonged to the estate of Thomas L. Kerwin, deceased; and it was within the province of the court, to whom was submitted the facts as well as the law, to weigh all the evidence and determine from it whether the cotton described in the petition as that which was "raised on the Kerwin farm in 1880," the value of which was sued for, was or was not the same identical cotton referred to in the credits specified in the allowed and approved account. The answer of the defendants alleged the existence of a growing crop of cotton on that farm in 1880, and that J. S. Williams & Co. made advances to a large amount, $888.88, in order to secure and gather it. The pleadings of the defendants and their

evidence strongly imply that said firm did in fact obtain possession and control of the cotton crop thus raised.  The court was not bound to accept as true the statement of the defendants' answer, although it was put in evidence by the plaintiff, "that all the cotton, with the exception of a few bales, received, appropriated and sold by said J. S. Williams & Co., was received and collected" on certain notes referred to in the answer which they held as collateral security, and that "the proceeds thereof was applied to the payment of said debt and advances as shown by the account attached to the answer."

The account of J. S. Williams & Co. is replete with items of debit and credit which tend to prove, circumstantially, that the cotton credited in it to the estate is the same that is referred to in the plaintiff's petition.  The evidence on this subject is sufficient to support the judgment.

It is further urged as a specific ground under the foregoing assignment that "The evidence shows that an account and claim in favor of J. S. Williams & Co. against Kerwin's estate, wherein said cotton was stated, itemized and accounted for at its full value as a payment and credit on the same, was presented to the plaintiff as administrator of said Kerwin estate, and allowed by him and approved by an order and judgment of the county court."

The answer sets up and relies on these facts as *res adjudicata* and a defense against this action.  The facts thus alleged were sustained by the proof.  The account of J. S. Williams & Co. debited the estate with $3,928.75, and credited it with $2,450.09, thus leaving a balance due the firm of $1,478.66, which was allowed and duly approved after the institution of this suit.

This account was presented for allowance and approval under article 2018, Revised Statutes, which requires the claim to be "accompanied by an affidavit in writing that the claim is just and that all legal offsets, payments and credits known to affiant have been allowed."  When duly approved and allowed as provided for by law, its character as a claim and open account was changed and merged into the more solemn form of a judgment of the county court; a court possessing unquestioned and exclusive jurisdiction of claims against the estates of deceased persons.  Such a judgment is conclusive of the matters thus acted on, and whether correct or not is binding upon every other court until annulled or set aside by decree of a court having jurisdiction to make such order.  Swan *v.* House, 50 Tex., 653, and cases there cited.

The action of the court in approving or disapproving a claim shall

have the force and effect of a final judgment (art. 2031, R. S.); and this, too, where the claim is allowed by the administrator as to a part, and disallowed as to the balance, if the holder of the claim fails to sue for the establishment of the entire claim within ninety days on the rejection, and instead thereof procures the approval of the county court; the approval has upon the entire claim the effect of a judgment, and the holder of it cannot maintain a suit to establish such claim. Gibson v. Hale, 57 Tex., 406. The same conclusiveness as to the effect of such allowance and approval applies to the estate as to the holder of a claim against it. Swan v. House, 50 Tex., 653. The estate is bound by the judgment until it is set aside by a court of competent jurisdiction.

It was competent for the administrator *de bonis non* to have refused to allow the items of credit in the account which were allowed for Cotton, or for the county judge to refuse to approve the same; but they being credits submitted in the account against the claim of J. S. Williams & Co., for the action of the administrator and the court, jurisdiction to determine their validity certainly belonged to the court, and its action in the premises was conclusive of the matters involved in the entire account.

If there existed any valid ground for setting aside the allowance and approval of the claim as made, the administrator *de bonis non* ought to have taken steps accordingly to effect that purpose; but not having done so, it must be held that whilst the judgment of the county court thus continues in force, it has the effect to determine the state of the account that was acted upon in respect to all the items of it which were embraced by it. See Giddings v. Steele, 28 Tex., 756–7; Gibson v. Hale, 57 Tex., 405; Moore v. Moore, 59 Tex., 60.

It is urged by counsel for the appellee that the approval of the account by the probate court having been made subsequent to the institution of this suit, its action is not binding on the appellee. The question involved is not as to priority in time of the exercise of jurisdiction between courts having concurrent jurisdiction of the subject of litigation, and it is not affected by the consideration that the account was approved by the county court after the plaintiff had instituted this suit. The district and the county courts respectively had appropriate and exclusive jurisdiction of the subjects presented for their cognizance, and there was not necessarily any conflict between them in the action which the one or the other might take in respect to the matters submitted to them. If the appellee did not see proper to have the action of the probate court

upon the matters involved in the account which were in dispute be-
tween the parties, he could easily have avoided it by such action
upon the account, when it was presented to him for his allowance,
as would confine the litigation to the jurisdiction of the district
court. But, not having done so, and having allowed the account,
he thereby admitted that the probate court should take the proper
action in approving, or disapproving, his allowance, and he is pre-
cluded from insisting upon the determination of the merits of that
account so far as they may be affected by the action of the probate
court.

Under the evidence in the case the court necessarily must have
based its judgment on the items of credit in the account, showing
cotton to have been in the hands of J. S. Williams & Co. belonging
to the Kerwin estate, otherwise there would have been a want of
evidence to support the judgment; it must consequently result from
what has been said, that those items of account having been adjudi-
cated and merged in the judgment of the probate court, cannot
form the basis of a recovery by the plaintiff, and therefore the
judgment must be reversed.

The exception taken by the defendants for misjoinder of parties
ought to have been sustained; the plaintiff's petition was obnoxious
to the objection that it was multifarious in joining matters of a dis-
tinct and independent nature, and which involved wholly different
rules as to the measure of liability against several defendants. The
sureties of Adkisson on his bond as administrator, if liable, were so
in consequence of the maladministration or a *devastavit* by their
principal; the copartners of Adkisson, if liable, were so in virtue
of their partnership relation and participation with their partner,
Adkisson, in the alleged conversion of the cotton.

There existed no privity of relation nor community of action be-
tween these sets of defendants whereby a common or an alternative
liability of all of them could be maintained. The right of recovery
against one set or class, under the allegations made in the petition,
would preclude a recovery against the other class; there existed no
necessary nor approximate relation between them, nor any common
principle or rule of liability applicable to the case under which they
all alike might be held liable. Under the exposition of the rule
applicable to the subject laid down in Clegg *v.* Varnell, 18 Tex.,
300, we are of opinion that the court erred in overruling the excep-
tion. See, also, Frost *v.* Frost, 45 Tex., 340; Love *v.* Keowne, 58
Tex., 191.

It would seem that, ordinarily, if a plaintiff, being uncertain as to

the facts on which his case rests, or as to which of various persons, to be shown by the proofs to be made, are liable to his cause of action, he will not be permitted to solve the doubt by embracing each and all of them as defendants in his suit except under allegations showing such privity between them in respect to the subject of litigation as will show at least a contingent or alternative right to recover against any of the defendants on the general basis he has laid for a recovery against the others. He cannot under ordinary circumstances make a hypothetical case in his petition upon a given state of facts showing a good cause of action against one defendant, and in the same petition base a right to recover on a different cause of action for the same matter or subject of suit against another and a different defendant. He must in such case sue them separately, if he sues at all, and he cannot impose on either the delays, inconveniences and costs which may ensue by joining them in the same suit. The plaintiff will, of course, be entitled to so amend his petition as to relieve it from the objection that has been discussed; and if he still desires to prosecute his suit against all of the defendants, he can only do so by making such appropriate averments as will bring his case within the scope of those rules and principles of law under which the discretion of the court will be properly exercised in permitting them to be joined in the same action; otherwise he will be compelled to elect whether he will rely on a recovery against such of the defendants as he may select under allegations embracing them in a common liability in pursuance of the views we have heretofore expressed.

We conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted January 16, 1885.]