ELIZABETH YEATMAN V. ELIZABETH J. YEATMAN.

[FILED OCTOBER 26, 1892.]

Allowance by County Judge of Claim Against Estate of Decedent: COLLATERAL ATTACK. An order of a county judge, duly made without fraud or collusion, allowing a claim against the estate of a deceased person is a final order, and unless appealed from will be conclusive and have the effect of a judgment and not be open to collateral attack.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*M. A. Hartigan,* and *J. C. Hartigan,* for plaintiff in error.

*Tibbets, Morey & Ferris, contra.*

MAXWELL, CH. J.

In 1879 one Griffin Yeatman made and delivered to the plaintiff a promissory note as follows:

"$500.    HASTINGS, ADAMS CO., NEB., June 1, 1879.

"One year after date I promise to pay to Elizabeth Yeatman, or order, the sum of five hundred dollars, with lawful interest, without defalcation, for value received.

   "(Signed)            GRIFFIN YEATMAN."

Prior to September, 1886, Griffin Yeatman died and Elizabeth J. Yeatman was appointed administratrix of his estate. On the 10th of that month the note in question was allowed with other claims against said estate. The record entry is as follows:

"In the matter of allowance of claims against the estate of Griffin Yeatman, deceased.

"September 10, 1886.   Comes now Elizabeth J. Yeatman, administratrix of the estate of Griffin Yeatman, deceased, and claims filed against estate examined, approved, and allowed by this court as follows respectively:

"The claimant, Elizabeth Yeatman, being present with the administratrix, and amount of her claim agreed on.

"Patrick McNeal, note, $200, with interest at eight per cent from December 1, 1885.

"Elizabeth Yeatman, note, $756, including interest to this date."

This order is duly signed by the county judge of Adams county and was evidently made after due notice. From this order no appeal was taken, and, so far as appears, that order is now in full force.

On November 25, 1889, the defendant in error presented her account to the county judge for final settlement, and the court, after allowing various items, made an order which, so far as it relates to this claim, is as follows:

"It is further found by the court that the claim of Elizabeth Yeatman was duly allowed against said estate of Griffin Yeatman, deceased, on September 10, 1886, in the sum of seven hundred and fifty-six dollars; that all other claims allowed against said estate have been paid, but that said administratrix has neglected and refused to pay said claim of Elizabeth Yeatman, and has expended a large amount of money in payment of claims not allowed, as aforesaid, and in investments without authority of law or any order from the court, leaving said claim and interest unpaid." * * * "And it is further adjudged and ordered by this court that said Elizabeth J. Yeatman, administratrix of the estate of Griffin Yeatman, deceased, pay to said claimant, Elizabeth Yeatman, on her said claim of seven hundred and fifty-six dollars allowed against said estate, with accrued interest thereon at seven per cent per annum from September 10, 1886, the sum of eight hundred and eleven dollars and twenty-two cents, without further delay, and that said administratrix proceed to sell at private sale sufficient personal property belonging to said estate to pay the balance in full on said claim of Elizabeth Yeatman, and that said administratrix pay said claim in full and make due report thereof to this court."

From this order the plaintiff appealed to the district court. A motion was thereupon made in that court to quash the appeal because not taken within the time fixed by law. The motion was sustained and the appeal dismissed and that is the error complained of.

It is claimed on behalf of the appellant that the order of the county judge, September 10, 1886, allowing the account was not a final order and, therefore, that no appeal would lie therefrom. It is also claimed that the last order

copied above is the final judgment in the case. We think differently, however. The allowance of a claim against an estate is a judicial act and has all the force and effect of a judgment, and will be conclusive unless reversed or vacated in some of the modes provided by law. (*Shoemaker v. Brown*, 10 Kan., 383.) In this case it is said: "All their allowances of demands against the estate, all their settlements with administrators, indeed all their official acts requiring the exercise of judgment and discretion, are, in their nature, judicial determinations, and are binding upon all the property of the estate, and upon any interest in such property that any person may have as heir, devisee, or legatee. The settlements with administrators especially come within the jurisdiction."

In *Jameson v. Barber*, 56 Wis., 630, the same ruling was made. To the same effect, *Estate of Schroeder*, 46 Cal., 319; *Beckett v. Selover*, 7 Id., 239; *Deck's Estate v. Gherke*, 6 Id., 666; *Tutt v. Boyer*, 51 Mo., 425; *Jones v. Brinker*, 20 Id., 87; *Kennerly v. Shepley*, 15 Id., 640; *Cossitt v. Biscoe*, 12 Ark., 97; *Swann v. House*, 50 Tex., 650; *Campbell v. Strong*, Hempst. [U. S.], 265. In two states it appears to be held that the allowance of an account is not final and conclusive. (*State v. Bowen*, 45 Miss., 347; *Levering v. Levering*, 64 Md., 399; Black on Judgments, sec. 641.) In *State v. Buffalo Co.*, 6 Neb., 454, it was held that the allowance of an account by a county board was a judicial act, and unless appealed from, the order allowing the claim would be final and conclusive; and the same doctrine had previously been announced in *Brown v. Otoe Co.*, 6 Neb., 111. The allowance of the note as a claim against the estate on the 10th of September, 1886, was a final order.

The fact that the note was apparently barred by the statute of limitations cannot be considered at this time. The presumption is that the administratrix acted in good faith. Payments may have been made on the note which

were not endorsed thereon, or for other cause, which does not appear, the note may have been a binding obligation against the estate. If it was not, it was the duty of those entrusted with the settlement of the estate to take the necessary steps by appeal to contest the allowance of the same. Having failed to do so the estate is bound by the order allowing the same, and it is now too late to raise the objection. The appeal was properly dismissed and the judgment is

AFFIRMED.

THE other judges concur.