PATRICK D. McCORMICK, ADMINISTRATOR, v. MRS. S. A. McCORMICK.

53  255
s60  596
60  598
60  720

FILED JANUARY 3, 1898.   No. 7689.

Executors and Administrators: ALLOWANCE OF CLAIMS: ORDERS: RECORDS. The order of allowance of a claim against an estate by the county court, and its entry thereof, examined, and *held* sufficient, both in form and substance; and further, that the entry was not fatally defective by reason of its lack of the signature of the county judge.

ERROR from the district court of Sarpy county. Tried below before BLAIR, J. *Reversed.*

*J. J. O'Connor* and *I. J. Dunn,* for plaintiff in error.

*Anthony E. Langdon* and *Martin Langdon, contra.*

HARRISON, J.

From the record filed in this matter, we discover that during the year 1891 Margaret L. McKenna, of Sarpy county, this state, died intestate. Application was made to the county court by the defendant in error, mother of the deceased, for the appointment of an administrator

of the estate, and she named in her petition Daniel Morrison for such position. Clement L. McKenna appeared and requested the appointment of Patrick D. McCormick. This request was granted, and, in August, 1892, McCormick was appointed administrator, and was allowed one year within which to settle the estate. By order of the court, duly published, creditors were allowed six months within which to present claims for adjustment, and September 20, 1892, October 28, 1892, and December 26, 1892, were designated as the days for hearing and adjustment of claims. On September 20, of the days fixed by such order, the defendant in error presented a claim against the estate; and of what was done in regard to her claim the record discloses as follows: On the back of the claim was indorsed: "Allowed Sept. 20, 1892. Edward B. Hoyt, Co. Judge." And in the files of the county court there appeared what was headed a "Schedule of Claims," one of which was:

| Claimant. | Amount of claim. | Nature of account. | When allowed. |
|-----------|------------------|--------------------|---------------|
| Mrs. S. A. McCormick. | $739.50 | . . . . . . . . . | Sept. 20, 1892. |

There was a column in which as to the other claim (there was but one other scheduled) there appeared the amount allowed. Of the claim here in question there was no entry in said column.

Of the exhibits in the record presented to this court was this:

"Copy of Entry Book C, page 446. Exhibit C.

"In the Matter of the Estate of Maggie McKenna. Schedule of Claims Allowed by the Court. September 20, 1892.

"F. A. Harrison, legal notice . . . . . . . . . . . . . . . . $6 00
"Mrs. S. A. McCormick, as per bill on file . . . . . . 739 50
"Allowed September 20, 1892 . . . . . . . . . . . . . . . 739 50 '

During the month of January, 1894, on an application for the purpose on behalf of defendant in error, a citation was issued to the administrator by which he was required to appear and show cause why he did not, or should not, pay the claim of defendant in error. The administrator appeared and made a showing in the matter, a hearing was had, and the matter taken under advisement. A short time afterward, and seemingly before the decision in the submitted controversy, there was filed for defendant in error a motion that the court correct or amend the docket entry of the allowance of her claim. Of this motion there was a hearing, after which it was overruled. The court in its decision on the motion made findings in effect that the claim had never been allowed, and that no hearing had ever been had thereon, and ordered a hearing on the claim, fixed a time within which it was to be done, and appointed commissioners to examine and adjust it. On error to the district court of Sarpy county, the order of the county court was reversed, and the journal entry states further of what was done: "It is ordered that this cause be remanded for further proceedings by said court in accordance with law, and that the motion and application be sustained and a judgment entered *nunc pro tunc,* as of the 20th day of September, 1892." The matter is presented here in error proceedings on the part of the administrator.

As we view the questions raised, their proper solution requires a reference to, and application of, some of the statutory provisions relative to the county court and its jurisdiction in the settlement of estates of deceased persons. It is directed in the chapter which regulates the settlement of such estates that a time shall be fixed within which claims against the estate must be presented for adjustment; also that times and places shall be designated for examining and passing on claims of which notice shall be given in the prescribed manner. It is also provided that the judge of the county court

shall examine, adjust, and allow or reject claims. (See Compiled Statutes 1891, ch. 20.) In the chapter relative to county courts, the section in regard to the probate books which was in force at the times of the occurrences out of which arose this controversy, was as follows: "The probate books shall consist of a record, entry, estate, and fee book, which shall be kept as follows: 1. The record book shall contain a full record of all wills, testaments and codicils, and the probate thereof, all letters testamentary, of administration and guardianship, and all bonds of executors, guardians and administrators. The original papers shall be filed and preserved in the office. 2. There shall be entered in the estate book all inventories, appraisements, sale bills, and other exhibits and reports received by the court, relative to the settlement or disposition of estates, showing the amount of all such estates, as shown by such instruments. 3. The entry book shall contain a fair statement of all the matters, controversies, and suits that may have arisen for decision and adjudication before said court, with the names of the parties, dates of each entry, and the judgment or opinion of the court, and all orders thereof, and a full record of all determinations of the district or supreme court upon appeal or petition in error in such matters, controversies, and suits. 4. The fee book shall contain an exact account of all fees allowed and paid in each case, showing the names of the persons receiving the same, and for what such fees were paid." (See Compiled Statutes 1891, ch. 20, sec. 32.)

It is conceded that the entry in book "C," which we have hereinbefore set forth in terms, was in the handwriting of the judge who was in office at the date it states the account or claim was allowed (he had died before this proceeding was instituted), and we think it may be said, from what appears in the record, and it is not controverted, that this entry, such as it was, appeared in the proper book for such an entry,—in what is designated by the section of the statutes just quoted

as the "entry book." If so, was it such an entry as constituted the claim an allowed one? We think the answer must be in the affirmative . All the preliminaries prescribed in the statute, such as fixing the dates for the presentment and adjustment of claims, publication of notice, etc., had been observed and fulfilled. The entry on the record, while lacking in some recitals such as the appearances of parties and the hearing and contest over the claim, if any, was sufficient to show an allowance of the claim and was complete as an allowance in fact, and also as an entry of the act. (*Yeatman v. Yeatman,* 35 Neb. 422.) That the county judge did not sign the record of the order of allowance did not invalidate or render the allowance of no force. The lack of the signature is not fatal. (*Scott v. Rohman,* 43 Neb. 618.) It follows that the judgment of the district court by which the adjudication of the county court was reversed will be affirmed and the order to the county court to make a *nunc pro tunc* entry of the order of allowance of the claim will be

REVERSED.