Texas & Pacific Railway Company v. Truesdell & Gardner.

Decided April 15, 1899.

1. **Citation—Amending Service—Name of Defendant.**

On a motion to quash the citation because of defective service, the court properly permitted the copy served on defendant to be amended so as to correspond with the original by adding the word "company" after "Texas & Pacific Railway," it not appearing that the allowance of the amendment surprised or otherwise injured the defendant.

2. **Same—Brief Statement of Cause of Action.**

For sufficient statement in the citation of plaintiff's cause of action in a suit against a railroad company for injuries to a shipment of cattle caused by delay in transit, see the opinion.

3. **Pleading—Action by Partnership—Alleging Plaintiffs' Names.**

A petition by a partnership is not defective in that it begins with the partnership name, instead of the names of the individual members, where the individual names are sufficiently set out immediately thereafter.

4. **Measure of Damages—Shipment of Cattle.**

The measure of damages against a common carrier for injuries to cattle resulting from delay in transit is the difference in their market value on arrival at destination and what would have been their value there on arrival had the delay not occurred, with legal interest.

**5. Same—Verdict Not Excessive.**

Where a train load of 1102 head of cattle, after having been twenty hours on the road, were delayed five hours on a side track, without rest, food, or water, when a delay of only half an hour to an hour was necessary there, and while so delayed they hooked, horned, and bruised each other and shrunk in weight, a verdict for $2000 damages is not excessive.

APPEAL from Midland.    Tried below before Hon. W. R. SMITH.

*Bidwell & Stennis,* for appellant.

*Hawkins & Camp,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by appellees in the District Court of Midland County against appellant, on the 15th day of August, 1898, to recover damages to 1102 head of stock cattle shipped from Odessa, in Ector County, a station on appellant's line of railroad, to Fort Worth, Texas, on September 6, 1897, under the usual printed contract for shipment of live stock upon its road, there to be delivered to the Gulf, Colorado & Santa Fe Railway Company, to be thence transported to Kansas City, Missouri, for sale on the market of that city.

The only negligence alleged was a delay of five hours after arrival at Fort Worth, before delivery thereof to the connecting carrier aforesaid, to be carried to the Union Stock Yards at Fort Worth to be unloaded for rest, food, and water, during which delay, it is alleged, the cattle hooked, horned, scarred, and bruised and disfigured each other, and shrank in weight, so that upon arrival in Kansas City on the 8th of September, 1897, they were depreciated in value and plaintiffs were damaged $1998.35.

The appellant filed general denial, and also special answer which it is not necessary to here notice.    The case was tried by a jury, and verdict and judgment went against appellant for $940, and hence this appeal.

The first error assigned complains of the refusal of the District Court to quash the citation, because the copy delivered to appellant did not state its name correctly.    The original citation ran against the "Texas & Pacific Railway Company," while the copy delivered by the sheriff to the local agent at Midland ran against the "Texas & Pacific Railway," leaving off the word "Company."    Upon the hearing of the motion to quash appellees' counsel prayed the court for leave to amend the copy by inserting the true name, which the court granted and the amendment was made, and thereupon the court overruled the motion to quash.

If the copy served was legally defective, and the motion had been to quash the service, as it should have been, the amendment made the service good, and it became in legal effect the same as a true copy served from the date of the amendment; and unless the appellant was surprised or otherwise injured by the allowance of the amendment, which was not claimed, we are unable to see any reversible error in the overrul-

ing of the motion to quash. Miszner v. Siter, 23 Texas, 621; Cartwright v. Chabert, 3 Texas, 261; Holstein v. Gardner, 16 Texas, 116.

It is also complained in the same motion that the citation did not sufficiently apprise the appellant of the nature of the claim sued on. The citation states it thus: "The nature of plaintiffs' demand is as follows, to wit: That heretofore, to wit, on or about September 5, 1897, they shipped from Odessa, Texas, to Fort Worth, Texas, and from there over its connecting carrier's line of railway to Kansas City, Missouri, at which place said cattle were to be promptly sold upon the market thereof. That said cattle were delayed on defendant's road at Fort Worth for a period of five hours. That said cattle had been upon the cars for about twenty hours when they reached Fort Worth, Texas, without food or water or opportunity to rest. That in consequence of said cattle being negligently left upon the cars at Fort Worth as hereinbefore stated, they hooked, horned, scarred, bruised, and disfigured each other. That by reason of the premises defendant became bound and promised to pay to plaintiffs their said damages, amounting to the sum of $1998.35, but though often requested, they have failed and refused to do so, to their great damage $1998.35. Wherefore plaintiffs pray that the defendant be cited to answer herein, and that upon final hearing that they have judgment for their said damages and costs of suit and for both general and special relief."

While this is not as terse a statement as could have been made, yet we think that it was sufficient to indicate to the appellant's agents, officers and attorneys "the nature of the plaintiffs' demand," within the meaning of the statute, that is, damages for injuries to cattle shipped from Odessa, etc., and the specific allegations could be obtained from the petition.

Appellant also complains of the overruling of its special exception to the petition pointing out that the suit was in the firm name, and not in the name of the persons composing the firm. That part of the petition is as follows: "Your petitioners, Truesdell & Gardner, complaining of the Texas & Pacific Railway Company, would with respect show to the court, that the plaintiffs are a firm composed of W. E. Truesdell and J. E. Gardner, and reside," etc. All through the petition afterwards they are referred to as "plaintiffs," using the plural number, and we think that, while it is not technically correct to begin the petition in the firm name, yet it sufficiently appears that the suit was by W. E. Truesdell and J. E. Gardner, who were partners doing business in the firm name of Truesdell & Gardner.

The assignments complaining of the court's charge are all overruled, as we find the instructions given to the jury eminently fair and correct.

The court instructed the jury, in substance, that the measure of damages would be the difference in the market value of the cattle at Kansas City at the time they arrived there, in the condition they were in, and their market value in the condition they would have been in had not the delay at Fort Worth occurred, and to this difference add interest at the

rate of 6 per cent per annum from the date they arrived at Kansas City; and to this latter clause of the charge allowing interest on the difference the appellant assigns error.

We think the charge was correct. Appellees were entitled to this difference in value occasioned by appellant's negligence, on the day the cattle arrived there. In the case of Watkins v. Junker, 90 Texas, 584, our Justice Brown discusses the question and cites numerous authorities, and he comes to the conclusion that "the courts have come to the proposition that, in all cases where the measure of recovery is fixed by the conditions existing at the time the injury is inflicted, the person entitled to recover has also the right to have compensation for the detention of the money to which he is entitled by reason of the wrong done to him. It being a legal right to receive compensation for the injury inflicted by detaining that to which the party is entitled, it is the duty of the court to instruct the jury under what state of facts they should allow such compensation. * * * It was not error for the court to charge the jury to find interest for Junker for any sum found to be due him." See also Railway v. Pasture Co., 5 Texas Civ. App., 186; Railway v. Jackson, 62 Texas, 212; Railway v. Greathouse, 82 Texas, 111.

The verdict is not excessive. The testimony was sufficient to warrant it. The evidence is conflicting as to the time of delay on the side tracks at Fort Worth, but it is amply sufficient to sustain the verdict, in that the evidence tends to prove that the cattle stood in the cars on the side tracks of appellant at Fort Worth for five hours, when it was only necessary to so keep them from thirty minutes to an hour; that the cattle become restless, and hook and horn each other and lie down when the cars are standing still, much worse than when running; that they were in good condition when they arrived at Fort Worth, but were in bad condition when they were unloaded at the Union Stock Yards at the same place, about five hours later. There is no evidence of any delay or injury to the cattle at any other point on the route. The jury found under a fair and proper charge that the delay at Fort Worth in delivering them to the connecting line for carriage to the stock yards was unreasonable, and the evidence amply supports that finding, as well as injury caused thereby; and in such cases we have no right to set aside their verdicts, but it is the duty of the courts under such circumstances to sustain them.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.