WILLIAM MILLICAN'S EX'RIX. v. JOHN MILLICAN.

Certain claims against an estate were allowed by the executrix in 1844; in 1849, on the application of the executrix for a final settlement of the estate, the claimant filed his opposition on the ground that said claims had not been paid, and prayed for an order of sale to pay them; the order of sale was refused, on the ground that the claims were barred by the Statute of limitations, which judgment was affirmed on appeal to the District Court, Spring Term, 1852, from which there was no appeal. Fall Term, 1852, claimant brought an original suit in the District Court, in which he alleged that the testator had by his last will and testament, taken the administration of his estate out of the control of the Probate Court; the petition prayed that the executrix be directed to execute the power contained in the will to sell and pay debts. The will contained a direction to the executrix to pay the testator's just debts and gave her power to sell certain real estate for that purpose, without the order of any Court; *Held* that the plaintiff could not recover.

Appeal from Brazos. The notes sued on were dated May 6th, 1839, payable four months after date. The defendant's testator, William Millican, left a will, which was probated January 3rd, 1844, in which he ordered his executrix to sell certain lands, without order of Court, and pay all his just debts. The notes were presented to the executrix and allowed on the 12th of June, 1844. The opposition of the present plaintiff to the final settlement of William Millican's estate, containing a prayer for an order for the sale of property to pay said notes, was filed in 1849. The order of the Probate Court, disposing of the same, recited that it was overruled on the ground that the notes were barred by the statute of lim-

itations before they were allowed by the executrix. This order was made in 1849. The affirmance of said order, by the District Court, was made Spring Term, 1852. This suit was commenced Oct. 12th, 1852. The petition assumed that the will of William Millican took the administration of his estate out of the control of the Probate Court, and prayed that the executrix should be compelled to execute the power to sell and pay debts.

*Lewis & Barber* and *Giddings*, for appellant.

*Barziza* and *White*, for appellee.

LIPSCOMB, J. It appears from the record, that there was a former suit between the same parties, for precisely the same subject matter, which commenced in the Probate Court, where judgment was rendered against the appellee in this suit, from which he appealed to the District Court, in which Court the judgment of the Probate Court was affirmed. The appellee, then brought this suit. Among other defences, the defendant set up the former judgment, in bar, and also the statute of limitations. If the former judgment embraced the same cause of action, and the Court had competent jurisdiction to make the adjudication on the merits, its conclusiveness cannot be questioned in a collateral way, so long as it remains unannulled or reversed. The former suit, as it has been stated, commenced in the Probate Court, by the petition of Millican, making opposition to the final settlement by the executrix, and closing the estate of her testator, alleging that he had moneyed claims against the estate, that had been presented to the executrix and allowed by her, that had not been paid, and praying that the executrix be required to sell a portion of the property of the estate sufficient to pay the amount of his claim. The case, after lingering some years in the Probate

Court, was decided against the petitioner ;  and he appealed to the District Court.  It is most probable that the decision in the Probate Court was for want of the proper presentation, and approval of the claims to make it an acknowledged debt of the succession.   If it had been properly presented and acknowledged, and petitioner failed to prove it in the Probate Court, after the case went to the District Court, on his appeal, he had an opportunity of improving his evidence in that Court, as the cause was then to be tried *de novo*.   It does not appear what evidence was offered in the District Court on the appeal.  It was however, the judgment of that Court, that the judgment of the Probate Court be affirmed.   The mere errors of that judgment, if there be any, are not before us, as the judgement stands unimpeached, and we can only look to the record and judgment to see what was put in contestation and what decided.   If the facts stated in the petition to the Probate Court were true, that there had been a presentation and an admittance of the claims within the terms of the law, it was a matter clearly within the jurisdiction of the Court, in which the remedy was sought, and would be such a case as the one of Neil v. Hodge, 5 Tex. R. 587.   But if in fact, there had never been a presentation in the terms of the law, the Court of Probate was right in dismissing the petition.   In such case, the petitioner, if not barred by the statute of limitation, might begin anew, by presenting his claim.   This suit was instituted in consequence of the failure to have the claim presented and allowed in the terms of the law.   The question is, then, was it brought within the time, to save it from the influence of the statute of limitation.   The debt claimed was due in 1840, and this suit was not brought until 1852.   The proceedings before the Probate Court, which terminated in the District Court, affirming the judgment, did not interrupt the running of the statute.   And the ground of the plaintiff's failing in these preceedings was, that no sufficient presentation was proven.   At least this is assumed by

the party, to avoid the bar of the former judgment. The claim was barred by the general statute of limitation, and was barred by not presenting it within the time required by law, to the administrator or executor, according to the decision of this Court in Hadley v. McDougal, 1 Tex. R. 490. But in this suit, he alleges that the claim had been presented and approved by the executrix and Probate Judge. If so, this suit cannot be sustained, because the grounds on which an administrator or an executor can be sued, is their denial of the demands ; and again, if as was before stated, the demand and acceptance had been made, the plaintiff could have had his claim set up in his petition to the Probate Court, satisfied by the sale of a portion of the property of the estate. The parties waived a jury and submitted the case to the Judge, who gave a judgment for the plaintiff, which judgment we believe to be erroneous. It is therefore reversed, and the judgment rendered in favor of the appellant, who was the defendant in the Court below.

Reversed and re-formed