J. C. ECCLES v. WILLIAMSON DANIELS, ADMR.

The acknowledgment by the administrator, and the approval by the Probate Judge, of a claim against the estate, having become a *quasi* judgment, as we have repeatedly decided, it must have (at least in a high degree) all the effects of a judgment in favor of the creditor ; and, as such, it established the right and concluded the matter in controversy.

We have held, however, in repeated decisions, that where an account has been admitted and allowed from ignorance of the facts, or from the fraudulent representations of the holder, this *quasi* judgment might be annulled by a proceeding commenced in the District Court directly for that purpose.

It seems that the plaintiff in such proceeding or suit, must, by the allegations of his petition, exclude the conclusion that the claim, although apparently barred, might have been within some exception to the statute, or supported by an acknowledgment in writing signed by the deceased within four years, or, if an account, that it might have been in fact founded on a contract in writing.

The defendant would at least have the benefit of relief from pleading specially matters in his defence, as, on general denial, a foundation would be laid for such proof.

A claim, though presented in the form of an account, if based on a written contract by correspondence, or on an offer by letter which the facts show to have been accepted, is not barred in two years.

A petition or answer in a suit for injunction, as a portion of the final relief, is

Eccles  v.  Daniels.

not, for the want of an oath, to be regarded as a nullity, but is to be esteemed sufficient for the purpose of admitting proof on the final hearing.

The effect of the want of an oath in a suit for injunction, is, that the plaintiff will not be entitled to an injunction, nor the defendant to its dissolution, during the pendency of the proceedings.

A suit by an administrator to vacate the allowance and approval of a claim against the estate, must be commenced within a reasonable time.

Appeal from Colorado. Tried before the Hon. Nelson H. Munger.

The facts are stated in the Opinion.

*G. W. Smith*, for appellant. The allowance and approval of the claim cannot be attacked collaterally. (Toliver v. Hubbell, 6 Tex. R., 166.) It is submitted whether the ruling in the case of Jones v. Underwood, 11 Tex. R. 116, does not govern this case. The claim was in part founded on a contract in writing, and was not barred when allowed and approved.

*J. H. Robson*, for appellee. This suit was well brought. (Neill v. Hodge, 5 Tex. R. 487 ; Jones v. Underwood, 11 id. 116.) The amended answer was properly stricken out, for want of verification by affidavit. (Hart. Dig. Art. 597.) There was then no allegation to justify the introduction of proof of a written promise. (7 Tex. R. 338 ; 10 Id. 220 ; 3 Id. 517 ; Dallam, 441.) The testimony does not prove a written promise ; is uncertain whether for the year 1844 or 1845. The decree of the judge, a jury being waived, is entitled to same presumption in its favor, as the verdict of a jury. (13 Tex. R. 327.) As the facts would have authorized a jury to render a verdict similar to the judgment of the court, the judgment will not be set aside by a revising tribunal. (7 Tex. R. 584 ; Id. 561 ; Id. 556 ; Id. 3 ; 6 Id. 352 ; 5 Id. 98 ; 1 Id. 326 ; 9 Id. 60 ; Id. 20 ; 8 Id. 460 ; Id. 439 ; Id. 331 ; Dallam, 618 ; Id. 581.)

HEMPHILL, C. J.   Harrison Gregg, the administrator of Susan A. Gardner, deceased, in June, 1848, allowed a portion of the account, viz : the sum of one hundred and forty-four dollars, due from the estate to the appellant Eccles, for the hire of a negro boy, for the year 1845 ; and the account was also examined and approved, about the same time, by the Chief Justice.

The creditor, Eccles, having in September, 1854, attempted to enforce the payment of this debt, the appellee, W. Daniels, as administrator *de bonis non* of the deceased, filed, in December, 1854, his petition in the District Court to have the allowance and approval of the claim in June, 1848, cancelled and set aside, on the ground that the demand was, at the time of such allowance and approval, barred by the Statute of Limitations, and that the order for payment be perpetually enjoined, &c.

The petition was verified by affidavit.   The defendant, Eccles, filed an answer, also under oath.   The plaintiff amended his petition, but did not make oath to the amendment ; and the defendant amended his answer, also without oath ; and in this amendment he set up that the claim was not barred, the deceased having written a letter about the first of Juanuary, 1845, (which was lost,) but in which she proposed to hire the negro, and promised to pay for his hire at the end of the year, and that the claim was founded on a written contract and not barred.

The plaintiff excepted to the amended answer, on various grounds, viz : that it was not verified by affidavit, &c. &c.   The exceptions were sustained ;  and the cause being submitted to the Court, it was decreed that the allowance of the claim, its approval by the Judge, and the order for its payment, be set aside, and the defendant perpetually enjoined from collecting the same.

On the trial, the plaintiff, after offering a transcript from the Probate Court, introduced H. Gregg, who testified that he

was the administrator of Mrs. Gardner when the claim was allowed, and that he would not have allowed it, had he known that the claim was barred by Limitation. On cross examination, he stated that he recollected writing a letter to J. C. Eccles for the plaintiff's intestate, proposing to hire the boy at twelve dollars and fifty cents per month ; that at that time, he transacted business for the intestate, and wrote the most of her business letters ; did not recollect whether he signed her name, or whether she signed it herself ; that the letter was written in 1844 or 1845 ; thought it was in 1845 ; that the letter was a mere proposition ; that the negro was hired by Mrs. Gardner for both 1844 and 1845. After the letter was written, the defendant Eccles sent the negro to the intestate. He (the witness) knew of the letter when he acknowledged the claim. The hire of the negro for the year 1845 had not been paid so far as the witness knew.

Various errors have been assigned, and we will proceed to consider the most important points in the case.

This is a suit, in effect, by the administrator who acknowledged the claim, to vacate his own act ; the administrator *de bonis non* being, with some exceptions, merely his successor, and holding the office with like capacity. The acknowledgment by the administrator, and the approval by the Probate Judge, having become a *quasi judgment*, as we have repeatedly decided, (3 Texas, 93 ; 5 Texas, 490 ; 6 Texas, 166 ; 9 Texas, 517 ; 11 Texas, 116 ; and Moore v. Miller 14 Texas,) it must have (at least in a high degree) all the effects of a judgment in favor of the creditor ; and, as such, it established the right and concluded the matter in controversy. We have held, however, in repeated decisions, that where an account has been admitted and allowed from ignorance of the facts, or from the fraudulent representations of the holder, this *quasi judgment* might be annulled by a proceeding commenced in the District Court directly for that purpose. (Neill v. Hodge, 5 Texas R. 490.) If the right of the plaintiff to have the judgment

of the Probate Court set aside, were subjected to a rigid application of this test, it would not be very clear that he has made out such a case as to entitle him to relief. It can scarcely be pretended that the administrator who acknowledged the claim, was ignorant of the facts. On the contrary he had full knowledge of them, having transacted the business himself, on which the claim arose; and there is no shadow of pretence, that there were any fraudulent representations on the part of the holder. The mistake of the administrator, if any were made, and of the Court, (as may fairly be presumed) was that of law, and not of fact. But admitting, at least for argument, that the administrator, though cognizant of the facts, might, if applying in due time, and where other equities have not intervened, be entitled to relief against judgments on claims which, at the time of the judgment, were barred by the Statute of limitations, yet it devolves upon him to show beyond question, that the claim had been barred. The mere fact that the claim on its face appears to be barred, will not be sufficient. There are various exceptions to the Statute, such as minority, absence from the country, &c., and the claim, though presented on an open account, may have been founded upon, and supported by, a written contract. No doubt, the instrument in writing, where there is one, should (properly authenticated) be presented to the administrator; and if not presented, the claim, if barred on open account, should be rejected. But if admitted and approved, it becomes a judgment, and cannot be set aside, if there be any fact which, if established, would have originally authorized the judgment. (Jones v. Underwood, 11 Texas R. 116.) A judgment is not to be lightly set aside; and the plaintiff in a suit for that object, though he may not be held strictly to prove a negative, should deny, by averment, the existence of any facts or exceptions, which could serve as a basis for judgment. The defendant would at least have the benefit of relief from pleading specially matters in his defence, as, on general denial, a foundation would be laid for such proof.

It appears and it seems quite clear from the evidence, that the claim was not barred at the time of its allowance or approval. The written proposition of the intestate was made, as the witness thinks, in 1845, and the negro was sent afterwards, showing an acceptance of the proposition, and giving binding force to the promise of the intestate. The evidence of the witness was received without any objection, and shows quite conclusively the true state of the facts.

But it is said that this evidence should not have been received, and is entitled to no weight, there being no averment in the petition of the plaintiff or in the answer of the defendant, of the existence of any such written obligation ; that the answer of the defendant, setting up such writing, was ruled out on exception, and the evidence was not responsive to any matter in the pleadings. We have just stated that the plaintiff, in cases of this character, should be held to aver that there was no written contract ; but as that was not done, and as one of the grounds of exception to the amended answer, setting up the promise in writing, was the want of verification, we will consider whether an answer to a petition praying, among other things, for an injunction, is to be regarded for the want of an affidavit, as a nullity ; for, otherwise, it could not be ruled out for such defect.

The Statute of 1846 (Art. 1597, Hart. Dig.,) declares that all petitions for injunction and answers thereto, shall be verified by the oath or affirmation of the party filing the same. If this be regarded as mandatory, and as susceptible of no other construction, there would be an end of the question, as neither petition nor answer would, without oath, be good for any purpose. But it is believed that this provision is susceptible of another construction, and one which fully accords with the object sought in a proceeding for injunction, as one of the measures of relief, and which will reduce the provision to harmony with the general policy pervading our system of pleading. Where an execution or judgment is sought to be enjoined,

there is good reason why the petition should be under oath, as the defendant has rights which should not be disturbed, unless on real and substantial grounds. The reason why an answer to a petition for this purpose should be under oath is not so manifest. But in petitions generally, for an injunction, the plaintiff seeks immediate relief, and for a restraining process, on the filing of his petition ; and where this is granted, the defendant is equally urgent for the dissolution of the injunction, on the coming in of his answer. Where relief is prayed and granted, in this summary mode, there is necessity for a statement of the facts according to the very truth of the case, and this would be secured, to a reasonable extent at least, by affidavit. But where injunction is not prayed except on the final hearing, and where the answer seeks no relief or dissolution of the injunction during the pendency of the proceedings, there is no more necessity or reason for the pleadings being verified by affidavit, than there is in any other case, or where any other measure of relief is sought.

It must be remembered that, as a general rule, our pleadings are not under oath of the parties ; whereas, in Equity, the general rule in relation to answers is the reverse, and the want of an oath is an exception to the general rule.

Upon the whole, considering the objects sought in a suit for injunction, and the general policy of our system of procedure, we are of opinion that a petition or answer in a suit for injunction, as a portion of the final relief, is not, for the want of an oath, to be regarded as a nullity, but is to be esteemed as sufficient for the purpose of admitting proof on the final hearing ; the only effect of the want of an oath being, that the plaintiff will not be entitled to an injunction, nor the defendant to its dissolution during the pendency of the proceedings.

There was error in ruling out the answer in this case, for the want of an affidavit, and the evidence, taken and admitted without objection, fully supports the material averments of the answer.

Had the defendant relied upon the length of time which elapsed between the Probate judgment and this suit, we would have discussed that point. It was referred to in the case of Moore v. Miller, 14 Texas, and it will be seen that the administrator, if he expects relief, must come forward within a reasonable time. The creditor cannot, after he recovers judgment, be expected to preserve the evidences of his claim ; and the administrator must act with reasonable promptitude, otherwise he must abide the situation in which he has placed himself.

The judgment is reversed ; and as the merits are manifestly with defendant, it is ordered that the suit be dismissed.

Reversed and dismissed.