Roberts, J.
—Admitting that the court below did not err in sustaining the petition, under the exceptions taken to it, there is, we think, a clear deficiency in the evidence to support the judgment of the court. The only evidence for the plaintiff was the record of the proceedings and judgment in the federal court at Galveston, and the receipt of Muller, which reads as follows: “Received, Hew Orleans, 22d October, 1846, from O. B. Brackett, the amount of $420, on account of F. W. Muller.” The receipt purports to have been given for money received on account, and not on a note. There is no evidence adduced for the purpose of explaining that it was received for a purpose other than that apparently declared in the receipt. Further, there is no evidence explanatory of loss or finding of this receipt, or any fact developed which constitutes a reason or excuse for not making this defense to one or the other of the two suits that have been instituted for the recovery of this debt from Brackett to Muller. All these matters were put in issue by the general denial of defendant. (Eccles v. Daniels, 16 Tex., 136.)
Wo are not prepared to hold, at this time, that the facts stated in the petition entitle the plaintiff to the relief sought; but, as exceptions to it were overruled, the plaintiff was not required to amend, by a more definite statement of the facts set up, or by adding other facts, to make out her equity. She would have had the liberty of doing *202 so, had the exceptions heen sustained instead of being overruled. Under these circumstances, it will be proper to remand, the cause for further proceedings, the judgment being reversed for a clear deficiency in the proof.
Reversed and remanded.