E. G. THOMPSON, ADMINISTRATOR, v. BRANCH'S AD-
MINISTRATORS.

1. No suit in the District Court can be sustained upon a money demand against a decedent's estate unless the demand was first presented to the administrator for allowance, and the prescribed action taken for the establishment of it in the Probate Court. Allowance and approval of the demand made subsequent to the institution of the suit, will not obviate the difficulty. (Danzey v. Swinney, 7 Texas, 626, and Millican v. Millican, 15 Texas, 460, cited by the court.)

2. The fact that by the Constitution of 1869, now in force, the probate jurisdiction is vested in the District Courts, does not, it seems, change the above rule in our law.

APPEAL from Liberty. Tried below before the Hon. W. Chambers.

This case is stated in the opinion of the court.

*Robards & Jackson*, for the appellant.

*E. B. Pickett*, for the appellees.—The Probate Court, under the act of 1848, was a court of limited jurisdiction, and could not exercise any jurisdiction not conferred by the act. (Constitution of 1845, Art. 4, Sec. 15; 6 Texas Reports, 185; P. D., p. 58–9.)

It could not enforce a landlord's lien for rent. This could only be done by the District Court, or a justice's court, according to the amount involved. And this could only be done through the instrumentality of a distress warrant, which warrant, it is submitted, could not be issued by either the Probate Court or by the clerk of that court. (See P. D., Arts. 5027 to 5037, already cited.)

A landlord's lien expires within a limited time if no steps be taken to enforce it by the issuance and levy of a distress warrant. As these steps could not be taken

in the probate court, it is difficult to see upon what ground a claim of jurisdiction in that court to enforce such a lien could rest.

If, then, the probate court has no jurisdiction to enforce such a lien, and no other court has such jurisdiction in case of the death of the tenant, then in such a case the landlord would be without remedy and the lien would be lost. This is not believed to be a sound interpretation of the law. The law of landlord and tenant was not repealed by the probate act of 1848. (See Constitution of 1845, Art. VII, § 25; P. D., page 67.)

But we have been considering this question of jurisdiction as it presented itself under the old probate law. The case as it stands now is believed to be entirely disembarrassed of this question of jurisdiction. There is no separate probate court now. The district court itself has exclusive jurisdiction of probate matters, and is the only court that has jurisdiction of this case. (See General Laws Twelfth Legislature, page 141.)

So, whether the probate court had jurisdiction of the case now before the court, or whether the district court had it under the old law, is now an immaterial question. No court but the district court has such jurisdiction now. Pending estates under the old law must be proceeded with in the district court under the new law. (See Acts Twelfth Legislature, page 184.) So that if the district court declines to entertain jurisdiction of this case, there is no other court the case can be remitted to. This view is believed to be conclusive as to the question of jurisdiction.

The petition avers that the note mentioned in the petition was given for the rent of the plantation belonging to the estate of Edward T. Branch, deceased. The demurrer admits this fact. The petition, then, shows upon its face a cause of action.

The demurrer, it is submitted, was rightly overruled. Then, if the court has jurisdiction, was the proper judgment rendered? It is believed that the proper judgment was to sell the property levied on and pay the proceeds into court, reserving all other questions until the further order of the court.

No reason is perceived why the judgment of the court below should not be affirmed.

Ogden, J.—In January, 1867, Annie W. Branch rented a certain plantation to B. W. Durdin for one year, and took his note for the amount of the rent, payable to herself on the first day of November following. B. W. Durdin died in October, 1867, and Annie W. Branch, the payee of the note, died in the early part of the same year. In February, 1868, appellees, as administrators of the estate of Edward T. Branch, sued out a distress warrant, before a justice of the peace, against the estate of B. W. Durdin, to satisfy a balance due on said note, and had the same levied on certain cotton, the product of the rented premises, and other property belonging to the estate of B. W. Durdin, deceased. The amount due on the note being above the jurisdiction of the justice of the peace, the distress warrant was made returnable to the district court. In February, 1868, plaintiffs below filed a petition in the district court, alleging that the note sued on was the property of their intestate, that the same was due, and unpaid, and setting up the fact that a distress warrant had been sued out, and levied on property belonging to the estate of B. W. Durdin, deceased, and prayed for a judgment for the amount due on the note, and an order to sell the property levied on by virtue of the distress warrant. In the same month defendant filed a general and special demurrer to the jurisdiction of the court, and to the

sufficiency of the petition. There appears to have been no action on the demurrer at that term of the court, and in May, 1868, the plaintiffs presented the note, duly authenticated, to the administrator of B. W. Durdin for an allowance as a claim against said estate; which was allowed by the administrator, and approved by the county judge. And at the October term, 1868, the plaintiff amended his petition by setting up that fact; after which the court overruled the defendant's demurrer, to which ruling the defendant excepted. The court then proceeded, without the intervention of a jury, and against the objections of defendant, to try the cause, and enter up an order for a sale of the property seized under the distress warrant. There was a motion for a new trial, which was overruled by the court; to which ruling the defendant excepted, and gave notice of an appeal.

The defendant has assigned several errors for the reversal of the judgment, of which we deem it unnecessary to notice more than one or two. Durdin died in 1867, and the appellant was duly appointed and qualified as administrator on his estate; and at that time the appellees held a moneyed demand against the estate of said Durdin, which they attempted to collect by a proceeding commenced in a justice's court, returnable to the district court. The first question presented for our determination, and which we think must be conclusive of the rights of the parties in this suit, was raised in the district court by the defendant's demurrer, his motion for a new trial, and repeated in his assignment of errors. Has the plaintiff pursued his proper remedy, and the one provided by law? Under the law in force at the institution of this suit, the only mode for establishing a moneyed demand against the estate of a deceased person, and for enforcing a payment of the same,

was provided by the probate laws, which required that all such demands should be sworn to, and presented to the administrator, within a certain time, for his allowance, and then presented to the county or probate judge for his approval; and all moneyed demands, when thus probated, became established claims against the estate, to be paid in due course of administration; and the law positively prohibits the payment of all demands not thus probated, or established by the ordinary proceedings at law, when the administrator refused to allow, or the probate judge to approve the same, in whole or in part. The object and wisdom of such a law have been too often discussed, and are too apparent, to require further notice here than to say, such was and is the law. And as if the legislative mind apprehended that some persons might misunderstand those positive provisions of the law, or would attempt to evade them, a positive prohibitory statute was passed, which enacts (Paschal's Digest, Art. 310): "No holder of a claim for money against the estate of a deceased person shall bring suit thereon against the executor or administrator, unless such claim, properly authenticated, has been presented to such executor or administrator, and he has refused to allow such claim, for the whole amount, or a part thereof, or unless such claim has been presented to the chief justice, and he has disapproved of the allowance made by the executor or administrator, or a part thereof." This statute was most ably reviewed, and its binding force most clearly enunciated, in the case of Danzey v. Swinney, 7 Texas, 626, and in Millican v. Millican, 15 Texas, 460. In the former case the court says that a claim, "until either approved or disapproved, has no judicial standing, and can not be made the foundation of an action in any court, at least for the purpose of satisfaction out of the assets of the estate."

This suit was brought in the justice's court, and the cause was carried to the district court, where the petition was filed, praying for citation, and judgment, before the claim was presented to the administrator, or county judge, when, upon the authority of this court, it had no judicial standing, and could be made the foundation of an action in no court. The demurrer, then, was properly filed, and should have been sustained, and the cause dismissed.

The appellees, however, claim, that by having the claim properly authenticated and established in the probate court, subsequent to the institution of this suit, they thereby cured all errors in the original suit. This position only proves the wisdom of our probate law, in preventing estates of deceased persons from being devoured by the prosecution of two suits, in different courts, for the same claim. The allowance and approval of a claim in the probate court establish that claim against the estate as fully, for all purposes, as a judgment in the district court could. (Neill v. Hodge, 5 Texas, 487.) But, if this were not the case, still the district court had no jurisdiction of the cause when the demurrer was filed, and no subsequent act of the plaintiffs could give jurisdiction to relate back to the inception of the suit. We are, therefore, of the opinion that the suit was improperly brought, and that the court erred in entertaining jurisdiction of the same, at any time.

The judgment of the district court is therefore reversed, and the cause dismissed.

REVERSED AND DISMISSED.