### BECKHAM et al. v. BECKHAM.
### (No. 176–3204.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1921.)

1. Executors and administrators ☞296—Executor must show cause why distribution should not be made 12 months after granting of letters.

Under Rev. St. art. 3531, the executor, upon application by the heirs, devisees, or legatees after expiration of 12 months from the grant of the letters, must be in a position to show cause why a partition and distribution of the estate should not be made, at which time a minors' interest should be received and thereafter managed and controlled by the minors' guardian under article 3534.

2. Wills ☞669—Trust must clearly appear to have been intended.

A trust will not be imposed unless it clearly appears from the will that it was intended.

3. Executors and administrators ☞7—Wills ☞672(3)—Will held to make executor an independent executor and not a trustee.

Where a will gave an absolute estate to testator's children, and in subsequent provision authorized the executor to take possession of "any and all property belonging to my estate; to sell and convey same; to invest any money that may come into his hands in such way as he shall deem proper; and to execute all the deeds of conveyance, acquittances and receipts necessary and proper to be executed in order to carry out the object of this instrument"—the executor, by such provision, was made an independent executor, and not a trustee.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by J. J. Beckham, Jr., and others against J. J. Beckham, Sr., individually and as executor of the will of Hodges Beckham Taylor, deceased. A judgment for defendant was affirmed by the Court of Civil Appeals (202 S. W. 517), and plaintiffs bring error. Judgments of Court of Civil Appeals and of district court reformed.

C. S. Bradley, of Groesbeck, for plaintiffs in error.

W. J. Bryant, of Wortham, and W. T. Jackson, of Groesbeck, for defendant in error.

SPENCER, J. Plaintiffs in error, minors, through their guardians, instituted proceedings against John J. Beckham, Sr., defendant in error, individually and as independent executor of the will of Hodges Beckham Taylor, seeking, among other things, a construction of the will of Hodges Beckham Taylor.

By the terms of the will defendant in error was appointed independent executor of the estate of Hodges Beckham Taylor, without

bond. He declined to take any steps toward closing the administration and dividing the property among the devisees, contending that, in virtue of section 4, a trust was created empowering him to manage and control the property until plaintiffs in error should each attain their respective majorities.

The district court sustained the contention of defendant in error, and upon appeal the Court of Civil Appeals affirmed the judgment. 202 S. W. 517.

Section 1 of the will reads:

"I give and bequeath to my children, J. J. Beckham and to any other children that may hereafter be born to me, share and share alike, all my property of every kind of which I may die seized and possessed, real, personal and mixed."

Section 4 reads:

"Fourth.. I hereby authorize and empower my said executor to take possession of any and all property belonging to my estate; to sell and convey same; to invest any money that may come into his hands in such way as he shall deem proper; and to execute all the deeds of conveyance, acquittances and receipts necessary and proper to be executed in order to carry out the object of this instrument."

[1, 2] The bequests in section 1 being absolute in form, it is necessary to determine from the construction of the will as a whole whether testatrix intended by section 4 that the property devised and bequeathed in section 1 should be held in trust by the executor until the devisees had reached their respective majorities. It is the intention of the law that after the expiration of 12 months from the grant of the letters, upon application by the heirs, devisees, or legatees, the executor be in a position to show cause why a partition and distribution of the estate should not be made (article 3531, R. C. S.), and, in the event that any of the persons entitled to receive any portion of the estate be minors, that the interest of such minors be received and thereafter managed and controlled by the guardians of such minors (article 3534, R. C. S.), and, unless it clearly appears from the will that a trust was intended, none will be imposed.

[3] With the exception of the power to invest money coming into his hands, the independent executor, irrespective of the provisions of the will, has the statutory power to do all of the things specified in section 4. There is no statutory inhibition against independent executors of estates lending money of the estate during the interim contemplated by law in which to close such estate, and the appearance in section 4 of the clause with reference to lending money was but a direction that it be done. This was an added power, and one not inconsistent with the duties of such independent executor. He was made independent executor under the will,

and not a trustee. At the expiration of his term as such executor, all powers conferred upon him, either by statute or under the will, including the power to loan money, terminated. Neither the insertion in the will of the lending clause nor the incorporation of the statutory powers impressed the bequests in section 1 with the trust contended for by defendant in error. He could, therefore, consistently with his duties as such independent executor, loan the money coming into his hands as directed by the will, until his term as independent executor ended.

We recommend, therefore, that the judgments of the Court of Civil Appeals and of the district court be reformed so as to require the executor to partition the estate and deliver and convey to plaintiffs through their duly qualified guardians their respective shares of the estate.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.