## YEAGER v. BRADLEY. (No. 6488.)*

(Court of Civil Appeals of Texas. Austin. Nov. 1, 1922. Rehearing Denied Jan. 10, 1923.)

**1. Executors and administrators ⬤⟹238—Allowance of claim is final judgment.**

An allowance of a claim against the estate of a decedent is a final judgment, which cannot be set aside at a subsequent term if the court had jurisdiction to render it, except upon a petition showing good cause why the defenses were not presented at the time the claim was allowed or motion for a new trial filed during the term.

**2. Executors and administrators ⬤⟹7—Testamentary trustee with full power to manage is independent executrix.**

The appointment of the sister of testator as trustee of the estate with full power to manage, control, and dispose of it, in effect, created her independent executrix of the will.

**3. Executors and administrators ⬤⟹7—Independent executor has power to sell to pay debts.**

Independent executors have authority to sell the property of the estate for the payment of debts, whether the will expresses such power or not.

**4. Executors and administrators ⬤⟹7—Claim should be presented to independent executrix and then suit brought.**

The creditor of a decedent who appointed an independent executrix of his will should present his claim to the executrix for allowance and payment, which she had authority to make even if it required the sale of the property, and, if she refused to pay it, should bring suit against her to establish the claim.

**5. Executors and administrators ⬤⟹7—Administrator cannot be appointed while independent executrix is acting.**

Where there was a duly appointed independent executrix acting for the estate, there was no necessity for the appointment of an administrator, and therefore the county court was without jurisdiction to make such appointment.

### On Motion for Rehearing.

**6. Appeal and error ⬤⟹714(1) — Documents not incorporated in transcript or pertaining to appellate jurisdiction cannot be considered.**

Documents filed with a motion for rehearing, which were not incorporated in the transcript of record, and which do not pertain to the jurisdiction of the Court of Civil Appeals, cannot be considered.

**7. Executors and administrators ⬤⟹7—Claimant can have independent executrix, who refuses to act, removed.**

A creditor of an estate for which an independent executrix was appointed by the will can, in the event the executrix refuses to act or to resign, have her removed and an administrator of the estate appointed to whom his claim could be presented.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

In the matter of the estate of John Bradley, deceased. From a judgment of the district court on appeal from the county court from an order on motion of Mrs. A. B. Bradley, annulling the appointment of J. E. Yeager as administrator, the administrator appeals. Affirmed.

Jas. E. Yeager, of Waco, in pro. per. S. J. T. Smith, of Waco, for appellee.

JENKINS, J. On February 23, 1921, appellant filed, in the county court of McLennan county, his petition to be appointed administrator of the estate of John Bradley, deceased. He was appointed as such administrator March 11, 1921. Notice of such application was given as required by law. On March 25, 1921, appellant qualified as such administrator by giving bond as required by law. Appraisers were appointed, and made their report. On March 28, 1921, appellant filed his claim against said estate for $300, and on April 11, 1921, the same was allowed by the county judge and entered upon his docket as a fourth class claim. The county court adjourned April 23, 1921. On May 4, 1921, the same being a day of the next term of the county court, appellee filed in said court her motion to vacate the order appointing appellant administrator as aforesaid, and to set aside and annul the action of the court in allowing said claim. Upon hearing of said motion, the county court entered judgment annulling the appointment of appellant as aforesaid, and annulling and setting

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused February 14, 1923.

aside the order approving said claim. Appellant appealed from said judgment to the district court of McLennan county, and upon hearing in that court a like judgment was entered.

The grounds for annulling the appointment of appellant, and setting aside and disallowing his claim, as alleged in appellee's petition, were that the said John Bradley left a will wherein he appointed his sister, Mrs. Addie Coleman, trustee of his estate and guardian of his children; and that she had qualified and was acting in such capacity, and there was therefore no necessity for administration upon the estate of John Bradley, deceased. John Bradley made such will, and the same was duly probated in McLennan county.

The statement of facts does not include said will, but it was alleged in the petition that the same conferred upon Mrs. Coleman full power to manage, control, and dispose of said estate; and that she had accepted said trust, and qualified under said will, and was and is acting in such capacity. The court found such to be the fact.

Appellee is the surviving wife of John Bradley. The estate of John Bradley was community property, and appellee is interested therein as the owner of one-half of such estate. It is alleged that the claim of appellant for $300, which was allowed against the estate, is fraudulent and fictitious, and that it was held by this court as not being a legal claim. See 226 S. W. 1079. The view which we take of the matter here involved renders it unnecessary for us to pass upon these allegations.

[1] It appears from the face of the record that appellant was appointed administrator of the estate of John Bradley, and that his claim was duly presented and allowed by the county court. Such allowance was a final judgment. Sutton v. Page, 4 Tex. 147; Eccles v. Daniels, 16 Tex. 139; Thompson v. Branch, 35 Tex. 26; Gibson v. Hale, 57 Tex. 408. The court could not set aside such judgment at a subsequent term, if it had jurisdiction to enter the same, except upon a petition which showed good cause why the alleged defenses thereto were not presented at the time the claim was allowed, or motion for new trial filed during that term of the court. Neill v. Hodge, 5 Tex. 489; Moore v. Hillebrant, 14 Tex. 315, 65 Am. Dec. 118.

[2, 3] If the county court had jurisdiction to appoint an administrator, this case should be reversed and rendered in favor of appellant. If it had no such jurisdiction, the judgment entered in appellant's favor approving such claim is a nullity. We hold that the county court had no jurisdiction to appoint appellant administrator of the estate of John Bradley, for the reason that there was a legal administration of said estate pending at that time, in that the appointment of Mrs. Coleman as trustee of said estate, with full power to manage, control, and dispose of the same, in effect created her independent executrix of the will of said Bradley. Independent executors have authority to sell the property of the estate of which they are executors, for the payment of debts, whether the will expresses such power or not; and while such executor continues to discharge his duties the county court has no jurisdiction as to settlements of accounts against the estate. Such executor may do whatever the court could order to be done in an ordinary administration. Roy v. Whitaker, 92 Tex. 355, 356, 48 S. W. 892, 49 S. W. 367; McDonough v. Cross, 40 Tex. 280; Stephenson v. McFaddin, 42 Tex. 330; Dwyer v. Kalteyer, 68 Tex. 563, 5 S. W. 75. It is true that the record shows that Bradley appointed Mrs. Coleman "trustee" of his estate, but all executorships are in the nature of trusts, and the management of such estate by an independent executor is an administration thereof. Roy v. Whitaker, supra.

[4] If appellant had any claim against the estate of John Bradley, deceased, he should have presented the same to Mrs. Coleman for allowance, and she had authority, if she approved such claim, to pay the same, and might have sold the property belonging to said estate for that purpose. Carlton v. Goebler, 94 Tex. 98, 58 S. W. 829.

If appellant's claim had been rejected by Mrs. Coleman, he might have brought suit against her in a court of competent jurisdiction, and established such claim, in which event it would have been paid in the course of administration. No action can be maintained upon a claim against an estate until it is either approved by the administrator, or established by suit. Graham v. Vining, 1 Tex. 671.

[5] A county court has no authority to appoint an administrator, except upon a petition showing the necessity therefor. There cannot be two legal administrations of an estate pending at the same time. In order to give the county court jurisdiction to appoint appellant administrator of the estate of John Bradley, deceased, it must have been shown, among other things, that there was no administration pending; otherwise the necessity for such administration could not have been shown.

As the record herein shows that Mrs. Coleman was the duly appointed, qualified, and acting trustee of the estate of John Bradley, deceased, and as we hold that she was thereby made independent executrix of said estate, the county court had no jurisdiction to appoint appellant administrator of said estate; such appointment was void ab initio, as was also the approval of said claim by appellant as administrator, and the allowance of the same by the county court.

246 S.W.—44

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

## On Motion for Rehearing.

[6] Appellant has filed with his motion for a rehearing a certified copy of the will of John Bradley, and also an affidavit by Mrs. Coleman, to the effect that she is not in possession of any of the property of John Bradley, deceased, and that she thinks appellant's claim is just and ought to be paid.

[7] These documents not having been incorporated in the transcript, and not pertaining to our jurisdiction, cannot be considered by us. We state, however, that the copy of the will does not indicate anything different from the allegations with reference thereto as shown in our original opinion herein. We are impressed with the idea that appellant has a meritorious claim; but he has not pursued the proper remedy, and we can grant him no relief. If Mrs. Coleman was not administering the estate of John Bradley, she should have resigned, or, failing to do so, appellant as a creditor of said estate might have had her removed, and an administrator of the estate appointed, to whom he could have presented his claim.

For the reasons stated in our original opinion and in this supplemental opinion, appellant's motion for a rehearing is overruled.

Motion overruled.