MARY W. B. CURTIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54209. Promulgated October 4, 1932.

*Harris H. Gilman, Esq.*, for the petitioner.
*Maxwell H. Mahany, Esq.*, for the respondent.

1104

OPINION.

SEAWELL: In determining the issue in this proceeding certain provisions of the Revenue Act of 1928 and of the General Laws of Massachusetts are involved, as hereinafter indicated.

The pertinent provision of the 1928 Revenue Act is as follows:

SEC. 22. (a) " Gross income " includes  *  *  *  gains or profits and income derived from any source whatever.

The General Laws of Massachusetts, chapter 191, section 15, under the heading " Rights of Surviving Husband or Wife," provide in part as follows:

The surviving husband or wife of a deceased person, except as provided in section thirty-five or thirty-six of chapter two hundred and nine, within six months after the probate of the will of such deceased, may file in the registry

of probate a writing signed by him or by her, waiving any provisions that may have been made in it for him or for her, or claiming such portion of the estate of the deceased as he or she would have taken if the deceased had died intestate, and he or she shall thereupon take the same portion of the property of the deceased, real and personal, that he or she would have taken if the deceased had died intestate; except that if he or she would thus take real and personal property to an amount exceeding ten thousand dollars in value, he or she shall receive in addition to that amount only the income during his or her life of the excess of his or her share of such estate above that amount, the personal property to be held in trust and the real property vested in him or her for life, from the death of the deceased; and except that if the deceased leaves no kindred, he or she upon such waiver shall take the interest he or she would have taken if the deceased had died leaving kindred but no issue. If the real and personal property of the deceased which the surviving husband or widow takes under the foregoing provisions exceeds ten thousand dollars in value, the ten thousand dollars above given absolutely shall be paid out of that part of the personal property in which the husband or widow in interested; and if such part is insufficient the deficiency shall, upon the petition of any person interested, be paid from the sale or mortgage in fee, in the manner provided for the payment of debts or legacies, of that part of the real property in which he or she is interested. * * *

Under the title "Descent and Distribution of Real and Personal Property," section 1 of chapter 190 of aforesaid General Laws provides:

A surviving husband or wife shall, after the payment of the debts of the deceased and the charges of his last sickness and funeral and of the settlement of his estate, and subject to chapter one hundred and ninety six, be entitled to the following share in his real and personal property not disposed of by will:

(1) If the deceased leaves kindred and no issue, and it appears on determination by the probate court, as hereinafter provided, that the whole estate does not exceed five thousand dollars in value, the surviving husband or wife shall take the whole thereof; otherwise such survivor shall take five thousand dollars and one half of the remaining personal and one half of the remaining real property. * * *

In section 1 of chapter 189 of the General Laws of Massachusetts, it is provided that a wife shall, upon the death of her husband, hold her dower at common law in her deceased husband's land, but to be so entitled she shall file her election and claim therefor in the registry of probate within six months after the date of the approval of the bond of the executor or administrator of the deceased. The courts have uniformly held that under the circumstances prevailing in this case, where the surviving husband or wife accepts the provisions of the will, the survivor is in the position of one who sells property to the estate and acquires the legal status of "a purchaser for a valuable consideration." *Warner* v. *Walsh*, 15 Fed. (2d) 367; *United States* v. *Bolster*, 26 Fed. (2d) 760; and *Allen* v. *Brandeis*, 29 Fed. (2d) 363, and cases therein cited.

In the case at bar the petitioner, upon the death of her husband, did not exercise her statutory rights as authorized by the laws of Massachusetts, but instead took under her husband's will, and therefore under the statutes and authorities cited above became a purchaser for value of what she received under the will. The petitioner's husband left a substantial amount of property and the parties seem agreed that had the petitioner taken under the will what she would have been entitled to receive would have been $10,000 outright and the income from property having a value of $108,991.83. The petitioner was then approximately 45 years of age and had a life expectancy of 24.66 years. A return of 4 per cent on $108,991.83 amounts to $4,359.67 per year. On the basis of the foregoing facts the Commissioner determined that what the petitioner relinquished had a present value in 1915, the date of her husband's death, of $70,412.52, that is, the present worth in 1915 of $4,359.67 to be received annually over a period of 24.66 years ($60,412.52) plus the statutory share of $10,000. In other words, the Commissioner says that the valuable consideration with which the petitioner purchased the right to receive income under her husband's will had a value of $70,412.52, and that since under the agreed facts more than that amount had been paid to her prior to 1928 in the form of income by the trustees under the will of her husband, the entire amount of $7,397.92 received by her in 1928 constitutes taxable income to her.

The major contention advanced by the petitioner is stated in her brief as follows:

The petitioner is entitled to receive, as a purchaser for value, and, therefore, tax exempt, the amount of $4,359.67 annually, during the year 1928, and all other years up to and including the year of her death. This amount represents the agreed return of 4% upon the one half of the value of the net estate, as in the record computed, and is the exact amount of income to which the petitioner would be entitled had she waived the will and taken her interests under the statutes. The petitioner admits that all other income received by her annually, or paid to her by the trustee under the will of her deceased husband, was not paid in consideration of the release of her widow's statutory rights, and that she is not a purchaser for value thereof.

We are unable to agree with the foregoing proposition. In fact, it is difficult to distinguish the situation here presented from that before the court in *United States v. Bolster, supra.* There as here the widow accepted the provision made for her under the will of her husband in lieu of her statutory interest, and the income in question was the income that was produced by the residue of the estate under a testamentary trust. That case as well as the case before us arose in Massachusetts. In considering the situation presented in the *Bolster* case, the court stated the question involved as follows:

Where a widow accepts the provisions of her husband's will and is paid, annually, the entire income from his estate, in lieu of her statutory share of the corpus of the estate, are such annual payments taxable income to her, before or until the aggregate amount of such annual payments equals and exceeds the value of the property she relinquished by accepting the provisions of the will?

The court further stated that "During the years in dispute the annual payments received by Sarah A. Davenport [the widow] did not exceed the value of her statutory share in the corpus of the estate at the fair market value of the property at the time of its acquisition." The court held that since the payments received prior to and during the years in dispute were less in total amount than the value of the statutory interest relinquished, the amounts received were not taxable. Obviously, under the petitioner's theory it would be unnecessary to compare total receipts with the value of the statutory interest in order to determine what is taxable, but the amount exempt would be a fixed amount continuing each year so long as the widow might live. We can find no authority for such a position and we are convinced that it is clearly opposed to the principle laid down in the *Bolster* case. See also *Warner* v. *Walsh, supra; Allen* v. *Brandeis, supra,* and *Butterworth et al., Trustees,* 23 B. T. A. 838. A comparison of the value of the statutory share with the total payments received certainly contemplates placing a value on such statutory interest as a starting point. No objection is made to the accuracy of the Commissioner's computations under the method employed to arrive at the value of the statutory interest, but the objection seems to be to the method, with the counter suggestion that it is unnecessary to arrive at a lump-sum value of the surrendered interest. Since we are of the opinion, as indicated above, that a determination of the receipts under the will which are taxable to the petitioner makes necessary a valuation of the statutory interest relinquished, and since the method employed by the Commissioner has long been sanctioned (*Simpson* v. *United States,* 252 U. S. 547), we are of the opinion that the Commissioner properly determined the value of such statutory interest in the amount of $70,412.52, and that no authority exists for the exemption from income tax, throughout the life of the petitioner, of the agreed return on the statutory interest relinquished.

The alternative position of the petitioner is stated in her brief as follows:

The petitioner further contends that should this Board determine, contrary to the petitioner's contentions, that the annual income to which she was entitled under the Massachusetts Statutes, should be capitalized upon the basis of a theoretical expectancy of life in order to determine a lump sum value for the widow's statutory interests at the date of her husband's death in 1915, then the Board should find that the payments made to the widow in each year since

the date of the death of her husband were in part a return to her of capital, represented by her statutory interests, and in part a payment of income, and that all of said principal will not be repaid to her until the termination of her expectancy of life.

Again we are unable to agree. What the Commissioner did was to treat all amounts received as a return of capital until the amounts received equaled the value of the statutory interest relinquished, and to consider all amounts received in excess of the value of the statutory interest as taxable income to the petitioner. The foregoing is in accordance with the rule laid down in the *Warner*, *Bolster*, and *Brandeis* cases heretofore referred to. Nor do we think it can be said that the case of *Commissioner* v. *Moore Corp.*, 42 Fed. (2d) 186 (affirming *John C. Moore Corp.*, 15 B. T. A. 1140), can be taken as a repudiation of the doctrine laid down in the *Warner* case and later followed in the *Bolster* and *Brandeis* cases. What the court did was to comment favorably on the rule laid down by the Board in *Klein et al.*, 6 B. T. A. 617 (which was similar to that followed by the Board in the *Moore Corp.* case), and then said:

As respondent does not complain of the adoption of the *Klein* case rule rather than what for it would be the more advantageous *Walsh* [*Warner* v. *Walsh*, *supra*] case rule, it is unnecessary in this case to determine which of these two is to be finally adopted by this court, or whether indeed a third rule not as yet considered by the Board or by a court is to be preferred.

The third rule referred to was somewhat similar to that applied by the Board in the *Klein* case, and, after a further extended discussion of the three rules, the court specifically stated that it was not necessary to decide, and that it would not decide, which rule should be adopted. Further, we think it significant that the same court (Circuit Court of Appeals for the Second Circuit), though not the same judges, decided the case of *Logan* v. *Commissioner*, 42 Fed. (2d) 193, shortly prior to the decision in the *Moore Corp.* case, and in making its decision, which involved a somewhat similar question of apportionment, the *Warner*, *Bolster* and *Brandeis* cases were cited as authority for the proposition adopted, namely, that all amounts there received should be treated as a return of capital until the capital value in question was completely returned and thereafter any excess would be considered income. The *Logan* case was affirmed in *Burnet* v. *Logan*, 283 U. S. 404, and in rendering its opinion the court said, with respect to one situation involved, that the taxpayer " properly demanded the return of her capital investment before assessment of any taxable profit based on conjecture " and, with respect to another, that " If a sum equal to the value thus ascertained had been invested in an annuity contract, payments thereunder would have been free from income tax until the owner had recouped his capital investment."

We are of the opinion that similar reasoning requires that all payments received by the petitioner under her husband's will should be considered as a return of capital until the value of the statutory interest which she relinquished in order to receive these payments is recouped, and, since such value had been recovered prior to 1928, the action of the Commissioner in considering the amounts received in 1928 as taxable income is sustained.

*Judgment will be entered for the respondent.*