## TOLIVAR v. LOMBARDO.
### No. 2844.

Court of Civil Appeals of Texas. Beaumont.
Nov. 27, 1935.

W. R. Blain, of Beaumont, for plaintiff in error.

V. Ippolito, of Beaumont, for defendant in error.

WALKER, Chief Justice.

On the 9th day of January, 1935, in county court of Jefferson county at law, appellee, Tom Lombardo, as plaintiff, was awarded judgment by default against "F. F. Toliver, temporary administrator of the estate of C. R. Toliver," for the sum of $550.52, with interest at 8 per cent. per annum from date of judgment.

This judgment is erroneous in the following particulars:

First, appellee's petition alleged that F. F. Tolivar was "the duly qualified and acting temporary administrator, of the estate of C. R. Toliver deceased"; there was no allegation of the extent of the powers conferred upon him by the court in his appointment as such temporary administrator. There was no allegation that, by his appointment, he was authorized to approve or reject the claim sued upon, or to defend this suit. These were special powers to be exercised by him only on the orders of the probate court. Without a specific grant of power, he had no authority to bind the estate by approving or rejecting these claims, nor could he defend this suit for the estate as temporary administrator. A temporary administrator has only such powers and duties as are conferred upon him by the order of appointment. No inference could be drawn from the allegations of appellee's petition that appellant, as temporary administrator, had authority to approve or reject these claims, or to defend this suit. The petition was bad on general demurrer and insufficient to support the judgment. Article 3373, Vernon's Ann. Civ.St.; article 3378, Vernon's Ann.Civ.St.; article 3379, Vernon's Ann.Civ.St.; Allar Co. v. Roeser (Tex.Civ.App.) 217 S.W. 442; Youngs v. Youngs (Tex.Com.App.) 26 S.W.(2d) 191; Fenimore v. Youngs, 119 Tex. 159, 26 S.W.(2d) 195; Laas v. Seidel, 95 Tex. 442, 443, 67 S.W. 1015.

Second, appellee instituted this suit on a series of checks. From the statement of facts before us it does not appear that appellee presented this claim to the temporary administrator for his approval, duly authenticated in the manner required by law. That showing was essential to support the jurisdiction of the county court. Article 3514, Rev.St.; Thompson, Adm'r v. Branch's Administrators, 35 Tex. 21; William Millican's Executrix v. John Millican, 15 Tex. 460.

Third, the judgment ordered that execution issue. That was error. The proper order should be for the judgment to be collected in the due and orderly administration of the estate.

Fourth, the judgment was against "F. F. Toliver, temporary administrator of the estate of C. R. Toliver, deceased." The point is made that this decree ran against Tolivar personally, and was not a charge against the estate; that the description "temporary administrator of the estate of C. R. Toliver" was merely descriptio personæ, and must be treated as surplusage. The judgment in this respect can be corrected upon another trial. The point is also made that the return on the citation was insufficient to support a judgment by default. As the judgment must be reversed for the reasons stated above, that point becomes immaterial upon a second trial.

The judgment of the lower court is reversed, and the cause remanded for a new trial.